

# UNITED STATES DISTRICT COURT
for the
### Western District of North Carolina
4TH Circuit

)
)
Arthur Jackson,                )       Case Number: 3:25-cv-750-MOC
    Plaintiff,                 )
)
v.                             )       Jury Trial
)
Tokio Marine Holdings Inc.,    )
Matrix/Reliance Standard,      )
Life Insurance Company,        )
Latoyia Lewis,                 )
Karen Meissler.                )

*Rockford School Dist. 205*

## CIVIL COMPLAINT

PLAINTIFF
Name: Arthur Jackson
Address: 707 Seigle Ave. Apt. 435
City: Charlotte    County: Mecklenburg
State: North Carolina
Zip Code: 28204
Phone Number: 980-242-1640
Email Address: Leadingineducation@yahoo.com

DEFENDANTS
Name: Tokio Marine Holdings Inc.
Name: Matrix
Name: Reliance Standard Life Insurance Company
Name: Latoyia Lewis
Name: Karen Meissler


Name: Charles Denaro
Address: 1700 Market St. 1200
City: Philadelphia
State: Pennsylvania
Zip Code: 19103-3938
Phone Number: (267) 256-3810
Email Address: charles.denaro@rsli.com

PAGE 1

## INTRODUCTION

1. The traditionally held purpose of the ERISA statute is to promote the interest of employees and their beneficiaries in employee benefit plans pursuant to Shaw v. Delta Airlines, Inc., 463 U.S. 85, 90 (1983). The Plaintiff, as an employee insured for disability, was supposed to be treated as a beneficiary by Defendants as statutory fiduciary. Instead, Defendants victimized Plaintiff by engaging in utterly reprehensible claim handling procedures. The shortcomings of ERISA as it relates to claims for welfare benefits have been exploited by Defendants to avoid paying Plaintiff's valid claim that would otherwise be payable under state insurance law. Plaintiff requests payment of wrongfully terminated benefits plus interest, attorney's fees and all other equitable relief and damages Plaintiff may be entitled to under the law.

2. Plaintiff, Arthur Jackson (hereinafter referred to as "Plaintiff"), complains of TOKIO MARINE HOLDINGS INC., MATRIX, RELIANCE STANDARD LIFE INSURANCE COMPANY, LATOYIA LEWIS, KAREN MEISSLER and ROCKFORD SCHOOL DISTRICT 205.

3. Tokio Marine Holdings Inc. - Parent company of Matrix and Reliance Standard Life Insurance Company (hereinafter referred to as "Insurance Company(s)" or "Tokio").

4. Matrix - Plan administrator for Long Term Disability Policy No. LTD 122896 (hereinafter referred to as "Insurance Company(s)" or "Matrix").

5. Reliance Standard Life Insurance Company - Plan insurer for Long Term Disability Policy No. LTD 122896 (hereinafter referred to as "Insurance Company(s)" or "RSL").

6. KAREN MEISSLER, the Insurance Company'(s) Medical Director and former MetLife Psychiatric Medical Director (hereinafter referred to as "Medical Director").

7. LATOYIA LEWIS, the Insurance Company'(s) Claims Supervisor (hereinafter referred to as "Claims Supervisor").

8. Rockford Public Schools District 205 - Employer plan sponsor for Long Term Disability Policy No. LTD 122896 (hereinafter referred to as " Plan Sponsor" or "RPS").

9. The Company'(s) Medical Examiner STUART STAUBER (hereinafter referred to as "Medical Examiner").

10. The Company'(s) Appeals Manager STACY SIROIS (hereinafter referred to as "Appeals Manager").

11. Plaintiff's the Long Term Disability Policy No. LTD 122896 (hereinafter referred to as "the Plan" or "the Insurance Plan").

## JURISDICTION AND VENUE

12. This Court's jurisdiction is proper to address diversity of citizenship; the amount at stake is more than $75,000 pursuant to 28 U.S.C. § 1332.

PAGE 2

80 13. This Court's jurisdiction is proper as this action involves a federal question and a claim by Plaintiff
81 for disability benefits under an employee welfare benefit plan. Moreover, Jurisdiction is predicated
82 under the Employee Retirement Income Security Act of 1974 statutes (hereafter "ERISA") pursuant to
83 29 U.S.C. § 1132, 28 U.S.C. § 1331 (a)(1)(B), (a)(3), (c)(1), 29 U.S.C. § 1133(2) and 29 U.S.C. § 1101.

84 14. The events or breaches giving rise to Plaintiff's claim occurred in this judicial district, thus venue is
85 proper pursuant to 28 U.S.C. § 1391(b)(1)(b)(2)(c)(1)(d).

86 15. The Secretary of Labor Regulations provides a mechanism for internal appeal of benefit denials;
87 those avenues of appeal have been exhausted pursuant to 29 U.S.C. § 1331

88 <u>STATEMENT OF FACTS</u>

89 16. Defendant Tokio Marine Holdings Inc. is a foreign corporation doing business in the State of North
90 Carolina.

91 17. Defendant Tokio Marine Holdings Inc. is the parent company of Defendants Matrix and RSL.

92 18. Defendant Matrix Absence Management is the administrator for the Insurance Plan.

93 19. Defendant Reliance Standard Life Insurance Company ("RSL") is the insurer for the Insurance
94 Plan.

95 20. Plaintiff is a 57-year-old United States Citizen who became disabled in 2012. Plaintiff was
96 employed as a Special Education Teacher by Rockford Public School District 205 (Illinois). Plaintiff
97 became disabled after 19 years of service to education. While at work Plaintiff sustained multiple
98 injuries after falling from the top floor down a flight of concrete stairs. Plaintiff was rendered
99 unconscious and transported from work via ambulance to the emergency room.

100 21. During this time frame Plaintiff underwent multiple ophthalmic surgeries and suffered from
101 numerous disabling ailments.

102 22. It was recommended by Dr. Soufan and supported by Plaintiff's employer to refrain from
103 occupational duties.

104 23. Plaintiff is an insured under the Plan.

105 24. Plaintiff paid disability insurance premiums for 19 years, over 450 bi-weekly payments were made
106 to the Insurance Company(s).

107 25. Plaintiff's annual salary at the relevant time was $85,048 as documented by the Teacher's
108 Retirement System of Illinois.

109 26. The Insurance Plan entitles Plaintiff to disability benefits from RSL of 66 2/3% of Plaintiff's salary.

110 27. Plaintiff's disability benefit payments are to be made by the Insurance Company(s) and The
111 Teachers' Retirement System of Illinois.

112 28. The insurance Company'(s) disability payment shall be offset by the disability payment from the
113 Teachers' Retirement System of Illinois.

114

115 PAGE 3

29. The Teacher's Retirement System of Illinois requires Plaintiff to release medical records and undergo ongoing medical assessments by 2 state licensed physicians, a standard more stringent than the Insurance Company(s) which could require 1 doctor in order to continue receiving retirement/disability benefits.

30. The most recent Teacher's Retirement System of Illinois disability evaluation was in May of 2025; two licensed physicians confirmed Plaintiff disability.

31. Plaintiff rightly continues to receive disability benefits from the Teachers' Retirement System of Illinois.

32. Conversely, Defendants used false and misleading information to terminate Plaintiff's benefits covered by the Insurance Plan.

33. The Insurance Company(s) requested medical forms be completed by a physician for Plaintiff to continue receiving disability benefits.

34. The Insurance Company'(s) medical forms were completed by a licensed physician.

35. The physician confirmed Plaintiff's disability and ordered Plaintiff to refrain from occupational duties.

36. Plaintiff timely submitted the requested medical forms to the Insurance Company(s).

37. This medical information was received by the Claims Supervisor.

38. The Claims Supervisor spoke with Plaintiff via phone, acknowledging that she received the doctor's orders for Plaintiff to refrain from occupational duties.

39. The Claims Supervisor had access to Plaintiff's medical information held by the Insurance Company(s).

40. The Claims Supervisor was aware of Plaintiff's cornea disorder, persistent eye pain, hypertension, migraines, abdominal pain and other health conditions.

41. Plaintiff requested from the Claims Supervisor all medical records held by the Insurance Company(s).

42. The Claims Supervisor emailed Plaintiff his medical records containing all medial information referenced herein.

43. The aforementioned emails contained the following orders to refrain from occupational duties by licensed medical professionals:

44. Dr. Pomeranz, a licensed Ophthalmologist was hired by the Insurance Company(s). He ordered Plaintiff to refrain from occupational duties as a result of sickness or injury.

45. Nurse Balderama was hired by the Insurance Company(s). She ordered Plaintiff to refrain from occupational duties as a result of sickness or injury.

46. Nurse Phillips was hired by the Insurance Company(s). She ordered Plaintiff to refrain from occupational duties as a result of sickness or injury.

PAGE 4

47. Dr. Soufan, a licensed physician deemed Plaintiff permanently disabled and ordered to refrain from occupational duties as a result of sickness or injury.

48. Dr. Zaldivar, a licensed Ophthalmologist, ordered Plaintiff to refrain from occupational duties as a result of sickness or injury.

49. Dr. Tronshaw, a licensed physician deemed Plaintiff disabled and ordered to refrain from occupational duties as a result of sickness or injury.

50. In 2025 Dr. Semeko, a licensed physician, completed the medical disability forms for the Teacher's Retirement System and ordered Plaintiff to refrain from occupational duties.

51. In 2025 Dr. Okoye, a licensed physician, completed the medical disability forms for the Teacher's Retirement System and ordered Plaintiff to refrain from occupational duties.

52. In spite of the history of Plaintiff's disability diagnoses and orders to refrain from work, Defendants denied benefits owed to Plaintiff under the Insurance Plan.

53. Pursuant to Plaintiff's Plan insuring clause - "We will pay a Monthly Benefit if an Insured: (1) is Totally Disabled as the result of a Sickness or Injury covered by this Policy; (2) is under the regular care of a Physician; (3) has completed the Elimination Period; and (4) submits satisfactory proof of Total Disability to us".

54. Plaintiff was totally disabled as the result of a sickness or injury covered by the Insurance Plan at the time the Insurance Plan was terminated.

55. Plaintiff was under the regular care of a physician at the time the Insurance Plan was terminated.

56. Plaintiff completed the Elimination Period at the time the Insurance Plan was terminated.

57. Plaintiff submitted satisfactory proof of total disability as a result of sickness or injury at the time the Insurance Plan was terminated and was ordered to refrain from work by licensed physicians.

58. Pursuant to the Plaintiff's Insurance Plan after 24 months the disability standard is lowered to the extent that partial disability is considered total disability, and the Plan benefits were denied by the Insurance Company(s).

59. Pursuant to Plaintiff's Insurance Plan, any Insured who is Partially Disabled will be considered Totally Disabled.

<u>CLAIM FOR RELIEF</u>

60. Plaintiff hereby incorporates all fact and allegations stated herein.

Plaintiff seeks any and all applicable relief and is entitled to bring a civil action to recover benefits due to him under the terms the Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan, to enjoin any act or practice which violates the terms of the Plan, to obtain other appropriate equitable relief to redress such violations or to enforce any provisions relative to the terms of the Plan and to seek relief from any act which violates the Plan or law, damaging or depriving Plaintiff economically, psychologically or otherwise as related to matters

PAGE 5

referenced herein via discovery or other means; Plaintiff further seeks relief as follows: Enforcement of provisions of Plaintiff's Insurance Plan pursuant to ERISA and all applicable statutes, economic damages, non-economic damages, de novo review, injunctive relief, intention infliction of emotional distress relief, treble damages, and any damages or relief the Court deems appropriate.

61. Plaintiff is entitled to relief, as Defendants knowingly and designedly committed or caused to be committed, false, fraudulent, misleading, malicious or willful or wanton conduct causing harm to Plaintiff via actions to follow (hereafter legal references are pursuant to statue):

(ABUSE OF DISCRETION 5 U.S.C. § 706(2)(A)(2)(B))

62. Defendants abuse of discretion herein was arbitrary and capricious.

(ATTEMPT AND CONSPIRACY, FRAUD BY WIRE 18 U.S.C. §§ 1349, 1343)

63. Defendants conspired or attempted to commit email, mail and healthcare fraud, as it is unlawful whether the federal offense was successfully committed or not, the penalties shall be the same, as Defendants devised a scheme or artifice to deprive Plaintiff of the intangible right of honest services with the intention of obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmitted via writings.

(BREACH OF CLAIM PROCEDURE 29 U.S.C. 1133(2))

64. Plaintiff was not afforded a reasonable opportunity to a full and fair review by the appropriate named fiduciary of the decision denying the claim.

(BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(1)(B)(a)(3)(c)(1))

65. A civil action may be brought by Plaintiff to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan pursuant to U.S.C. § 1132(a)(1)(B), to enjoin any act or practice which violates the terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions or the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3). Any administrator who fails or refuses to comply with a request for any information which such administrator is required to furnish Plaintiff within 30 days after such request may be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal; the Court may impose other relief as it deems proper, each violation shall be treated as a separate violation.

(CONSPIRED TO MAKE FALSE AND MISLEADING STATEMENTS N.C. 58-2-161(b)(2))

66. Defendants unlawfully with the intent to injure, defraud, or deceive Plaintiff, an insurance claimant, or to assist, abet, solicit, or conspire with another person to prepare or make any written or oral statement intended to be presented to an insurance claimant in connection with a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contained false or misleading information concerning a fact or matter material to the claim.

(COMPENSATORY ECONOMIC DAMAGES)

67. Defendants are liable for costs incurred by Plaintiff to assist in recovering from any injuries or loss resulting from Defendants breach the Insurance Plan.

(COMPENSATORY NON-ECONOMIC DAMAGES)

68. Defendants conduct was reckless, grossly negligent, fraudulent, intentional and with malice, therefore Defendants are liable for noneconomic and treble damages to compensate Plaintiff for pain, suffering, emotional distress, inconvenience, and any other intangible losses Plaintiff suffered. In North Carolina with the exception of medical malpractice and punitive damages there shall be no limit on the amount of non-economic damages for which judgment may be entered against Defendants.

(DEFAMATION N.C. § 1D-15, N.C.P.I CIVIL 806.40.)

69. Defendants made false statement which were communicated to a person or persons other than the Plaintiff, thereby causing injury to the Plaintiff. Plaintiff is not a public figure (figure is not a matter of public concern, libel-806.60 Slander-806.70) therefore proof of special damages is not required in order to establish liability.

(DEFAMATION 28 U.S.C. § 4101(1))

70. Defendants action of defamation, libel, slander, or similar claim alleging that forms of speech are false and have caused damage to Plaintiff's reputation, presented in a false light, resulted in criticism, dishonor, condemnation or caused emotional distress.

(DE NOVO REVIEW 5 U.S.C. § 706(2)(B))

71. Plaintiff pleads that the Court shall interpret constitutional and statutory provisions and determine the meaning or applicability of the terms of Defendants action. The Court shall find Defendants unlawfully withheld and unreasonably delayed information; and hold unlawful and that Defendants actions are found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence or otherwise reviewed on the record of Defendants hearing provided by statute; or unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the Court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

(FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS 18 U.S.C. § 1035)

72. Defendants provided Plaintiff a service for which payment was made under the Plan; Defendants knowingly and willfully falsified, concealed, or covered up by any trick, scheme, or device a material fact; or made any materially false, fictitious, or fraudulent statement or representation, or made or used any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of payment for health care benefits or services (the Plan).

(FALSE AND MISLEADING STATEMENTS N.C. § 58-2-161(b)(1))

73. Defendants presented or caused to be presented a written or oral statement, including computer-generated documents in opposition to a claim for payment or other benefits pursuant to Plaintiff's

265 Insurance Plan benefit, knowing that the statement contained false or misleading information
266 concerning a fact or matter material to the claim.

267 (FRAUDS AND SWINDLES 18 U.S.C. § 1341)

268 74. Defendants devised or intending to devise a scheme or artifice to defraud Plaintiff of Plan benefits,
269 or to obtain money by means of false or fraudulent pretenses, representations, for the purpose of
270 executing such scheme or artifice or attempting so to do in any post office or authorized depository for
271 mail to be sent or delivered by the Postal Service knowingly causes to be delivered by mail.

272 (INJUNCTIVE RELIEF)

273 75. Plaintiff requires injunctive relief to restrict Defendants from further committing unlawful action or
274 continuing to cause irreparable damage which will result if the relief is not granted. Plaintiff requires
275 injunctive relief to prevent future wrong or harm by Defendants to Plaintiff. Injunctive relief can be
276 issued before or after a final judgment. Plaintiff seeks preliminary injunctive relief as irreparable injury
277 in the absence of such an order has and will continue to occur; that the threatened injury to the
278 Plaintiff outweighs harm to Defendant resulting from the order; and that the Plaintiff has a substantial
279 likelihood of success on the merits.

280 (OBTAINED PROPERTY BY FALSE PRETENSES N.C. § 14-100)

281 76. Defendants knowingly and designedly by means of false pretense obtained or attempt to obtain
282 from Plaintiff money, property, or other thing of value with intent to cheat or defraud.

283 (PRACTICE OF MEDICINE N.C. § 90-1.1)

284 77. Defendant(s) practiced medicine in North Carolina included offering or undertaking to prevent or
285 diagnose, correct, prescribe for, administer to, or treat in any manner or by any means, methods, or
286 devices any disease, illness, pain, wound, fracture, infirmity, defect, or abnormal physical or mental
287 condition of any individual by use of any electronic or other means, including the Internet or phone.

288 (PRACTICE OF MEDICINE 225 ILCS 15/4, CH. 111, PARA. 5354, SEC. 4(b))

289 78. The Medical Director was aware  or should have been aware that nothing in this Act shall be
290 construed as permitting  licensed as clinical psychologists to engage in any manner in the practice of
291 medicine as defined in the laws of this State (Illinois).

292 (PRACTICE OF MEDICINE WITHOUT LICENSE N.C. § 90-18(a))

293 79. Defendant(s) performed acts constituting the practice of medicine without having been first
294 licensed and registered so to do. Any person practicing without being licensed and registered in this
295 State (North Carolina) and who is an out-of-state practitioner shall be guilty.

296 PRACTICE OF MEDICINE WITHOUT LICENSE 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3)

297 80. Defendant(s) unlawfully Practiced medicine or treated human ailments without a valid, active
298 license.

299
300
301                                             PAGE 8

302    (RACKETEERING, EMBEZZLEMENT FROM (ERISA) BENEFITS 18 U.S.C. §§ 1962(A), 664(1)(B))

303 Defendant(s) embezzled, stole, or unlawfully and willfully abstracted or converted to their own use or
304 to the use of another, any money, property, or other assets of any from Plaintiff's welfare or pension
305 benefit plan, or of any fund connected therewith and any person injured in his property (Plaintiff was
306 injured in his property by Defendants fraudulent activities conducted though mail via the Post Office
307 resulting in loss Plan benefits) is in violation of section 1962 entitling Plaintiff to sue and recover
308 threefold the damages and reasonable attorney's fees.

309 (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, TREBLE DAMAGES 18 U.S.C. §§ 1962(A),
310 664(1)(B))

311 81. Defendants behavior to terminate Plaintiffs Insurance Plan was intentional, reckless, extreme,
312 outrageous fraudulent, malicious, willful or wanton. Defendant knowingly committing unlawful
313 conduct stated herein to cause severe emotional distress resulting economic, psychological and other
314 harm to Plaintiff. Defendants embezzled, stole, or unlawfully and willfully abstracted or converted to
315 their own use or to the use of another, any money, property, or other assets of any from Plaintiff's
316 welfare or pension benefit plan, or of any fund connected and any person injured in his property
317 (Plaintiff was injured in his property by Defendants fraudulent activities conducted though mail via the
318 Post Office resulting in loss Plan benefits) is in violation of section 1962 entitling Plaintiff to sue and
319 recover threefold the damages and reasonable attorney's fees.

320 1ST CAUSE OF ACTION - AGAINST THE CLAIMS SUPERVISOR AND THE INSURANCE COMPANY(S)

321 82. Plaintiff hereby incorporates all facts and allegations stated herein.

322 1ST CAUSE OF ACTION COUNT 1 (ABUSE OF DISCRETION 5 U.S.C. § 706(2)(A)(2)(B)

323 83. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

324 84. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful
325 conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 5 U.S.C. § 706(2)(A).

326 85. The Claims Supervisor abused discretion by arbitrarily and capriciously breaching claim procedure
327 by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits entitling
328 Plaintiff the right to a full and fair review pursuant to 5 U.S.C. § 706(2)(A), 29 U.S.C. § 1133(2).

329 86. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in breach of
330 fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover Insurance Plan benefits due
331 to him under the terms of the Insurance Plan and rights to future benefits under the terms of the
332 Insurance Plan. 5 U.S.C. § 706(2)(A), U.S.C. § 1132(a)(1)(B).

333 87. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in breach of
334 fiduciary duty by engaging in unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct
335 and to obtain other appropriate equitable relief to redress violations pursuant 5 U.S.C. § 706(2)(A), 29
336 U.S.C. § 1132(a)(3).

337 88. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful
338 conduct by making false statements relating to a health care matter resulting in termination of

339

Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1035(a)(1)(2).

89. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by presenting written or oral statements concerning a fact or matter material in opposition of Plaintiff's Insurance Plan payment knowing the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 58-2-161(b)(1).

90. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by conspiring to present written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing the statement contained false information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. 58-2-161(b)(2).

91. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct of defaming Plaintiff by making false and misleading statements resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

92. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1341.

93. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property (Plaintiff's Plan benefits) under false pretenses pursuant to 5 U.S.C. § 706(2)(A), N.C. § 14-100.

94. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in theft or embezzlement from Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s) pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 664.

1ST  CAUSE OF ACTION COUNT 2 (BREACH OF CLAIM PROCEDURE, 29 U.S.C. § 1133 (2))

95. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

96. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2).

97. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by Defendant's conduct of engaging in abuse of discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2), 5 U.S.C. § 706(2)(A).

98. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms

PAGE 10

378 of the Insurance Plan pursuant 29 U.S.C. § 1133 (2), U.S.C. § 1132(a)(1)(B).

379 99. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review
380 by breaching fiduciary duty by engaging unlawful conduct entitling Plaintiff to enjoinment of
381 Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant 29
382 U.S.C. § 1133(2), 29 U.S.C. § 1132(a)(3).

383 100. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair
384 review by presenting written or oral statements concerning a fact or matter material and in opposition
385 of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading
386 information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. §
387 1133(2), N.C. § 58-2-161(b).

388 101. The Claims Supervisor breached claim procedure by making false statements relating to a health
389 care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. §
390 1133(2),18 U.S.C. § 1035.

391 102. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair
392 review conduct by presenting written or oral statements concerning a fact or matter material and in
393 opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or
394 misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to29
395 U.S.C. § 1133(2), N.C. § 58-2-161(b).

396 103. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair
397 review by conspiring to present written or oral statements concerning a fact or matter material and in
398 opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or
399 misleading statements resulting in termination of Plaintiff's Insurance Plan benefits pursuant to
400 pursuant 29 U.S.C. § 1133(2), N.C. 58-2-161(b)(2).

401 104. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair
402 review by defaming Plaintiff resulting in termination of Plaintiff's Insurance Plan benefits pursuant to
403 29 U.S.C. § 1133(2), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

404 105. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair
405 review by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under
406 fraudulent pretenses, which used the Postal Service for delivery pursuant to 29 U.S.C. § 1133(2), 18
407 U.S.C. § 1341.

408 106. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair
409 review by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or
410 property under false pretenses pursuant to 29 U.S.C. § 1133(2), N.C. § 14-100.

411 107. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair
412 review by engaged in theft or embezzlement from the Plaintiff's Insurance Plan by converting the
413 Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant 29 U.S.C. §
414 1133(2), 18 U.S.C. § 664.

415

416 PAGE 11

### 1ST CAUSE OF ACTION COUNT 3 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(1)(B))

108. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

109. The Claims Supervisor breached fiduciary duty by engaging in the unlawful conduct follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664; a civil action may be brought by a Plaintiff to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan pursuant to U.S.C. § 1132(a)(1)(B)

### 1ST CAUSE OF ACTION COUNT 4 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(3))

110. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

The Claims Supervisor breached fiduciary duty by engaging in the unlawful conduct follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664, a civil action may be brought by Plaintiff to enjoin any act or practice which violates the terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions or the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3).

### 1ST CAUSE OF ACTION COUNT 5 (FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS 18 U.S.C. § 1035)

111. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

112. The Claims Supervisor made false statements relating to a health care matter pursuant to 18 U.S.C. § 1035.

113. The Claims Supervisor made false statements relating to a health care matter by abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, 5 U.S.C. § 706(2)(A)(2)(B).

PAGE 12

114. The Claims Supervisor made false statements relating to a health care matter by breaching claim procedure and denying Plaintiff the right to a full and fair review pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1133(2).

115. The Claims Supervisor made false statements relating to a health care matter by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to 18 U.S.C. § 1035, U.S.C. § 1132(a)(1)(B).

116. The Claims Supervisor made false statements relating to a health care matter by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct, to obtain other appropriate equitable relief to redress violations pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1132(a)(3).

117. The Claims Supervisor made false statements relating to a health care matter by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to18 U.S.C. § 1035, 18 U.S.C. § 1341.

118. The Claims Supervisor made false statements relating to a health care matter relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035.

119. The Claims Supervisor made false statements relating to a health care matter by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. § 58-2-161(b)(1).

120. The Claims Supervisor made false statements relating to a health care matter conspiring to present written or oral statement concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. 58-2-161(b)(2).

The Claims Supervisor made false statements relating to a health care matter while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to 18 U.S.C. § 1035,18 U.S.C. § 664.

1ST CAUSE OF ACTION COUNT 6 (FALSE AND MISLEADING STATEMENTS N.C. § 58-2-161(b)(1))

121. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

122. The Claims Supervisor made false or misleading statements pursuant to N.C. § 58-2-161(b)(1).

123. The Claims Supervisor made false or misleading statements abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 5 U.S.C. § 706(2)(A).

124. The Claims Supervisor made false or misleading statements breaching claim procedure denying Plaintiff the right to a full and fair review pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1133(2).

PAGE 13

125. The Claims Supervisor made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to N.C. § 58-2-161(b)(1), U.S.C. § 1132(a)(1)(B).

126. The Claims Supervisor made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1132(a)(3).

127. The Claims Supervisor made false or misleading statements by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1341.

128. The Claims Supervisor made false or misleading statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1035.

129. The Claims Supervisor made false or misleading statements by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1).

130. The Claims Supervisor made false or misleading statements conspiring to present written or oral statements concerning a fact or matter material in opposition Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2).

131. The Claims Supervisor made false or misleading statements while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to N.C. § 58-2-161(b)(1),18 U.S.C. § 664.

1ST CAUSE OF ACTION COUNT 7 (FRAUDS AND SWINDLES 18 U.S.C. § 1341)

132. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

133. The Claims Supervisor devised a scheme to defraud Plaintiff's Insurance Plan via frauds and swindles by engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664).

533    1ST CAUSE OF ACTION COUNT 8 (OBTAINED PROPERTY BY FALSE PRETENSES N.C. § 14-100)

534    134. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

535 The Claims Supervisor knowingly and designedly with intent to cheat or defraud Plaintiff by obtaining
536 property under false pretenses via engaging in the unlawful conduct to follow: abuse of discretion 5
537 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of
538 claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of
539 fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements
540 N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation
541 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making
542 false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, practice
543 of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH.
544 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664.

545    1ST CAUSE OF ACTION COUNT 9 (PRACTICE OF MEDICINE WITHOUT LICENSE N.C. § 90-18 (a), 225
546 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3)

547    135. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

548    136. The Claims Supervisor unlawfully engaged in the practice of medicine without a license denying
549 Plaintiff the right to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan
550 benefits pursuant to N.C. § 90-18 (a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3).

551    1ST CAUSE OF ACTION COUNT 10 (PRACTICE OF MEDICINE N.C. § 90-1.1)

552    137. Plaintiff incorporates by reference all facts and allegations of paragraphs 16-59, 141-168.

553    138. The Claims Supervisor unlawfully engaged in the practice of medicine denying Plaintiff the right
554 to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan benefits pursuant
555 to N.C. § 90-1.1, 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. (b), 29 U.S.C. § 1133 (2).

556    1ST CAUSE OF ACTION COUNT 11 (RACKETEERING, EMBEZZLEMENT FROM (ERISA) BENEFITS 18 U.S.C. §§
557 1962(A), 664(1)(B))

558    139. Plaintiff incorporates by reference all facts and allegations of paragraphs 16 - 59, 141 - 168.

559    140. The Claims Supervisor and Insurance Company(s) engaged in theft or embezzlement from the
560 Plaintiff's Insurance Plan by engaging the unlawful conduct to follow: abuse of discretion 5 U.S.C. §
561 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims
562 procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary
563 duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-
564 161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. §
565 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and
566 misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property
567 by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. §
568 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3.

569

570

141. The Claims Supervisor was hired by the Insurance Company(s).

142. The Claims Supervisor emailed Plaintiff more than 1000 pages of his medical records. All of Plaintiffs medical information referenced herein was sent by the Claims Supervisor.

143. On 9/27/22 the Claims Supervisor noted [Plaintiff's] "medical file does not provide evidence of physical or behavioral impairments."

144. On 9/27/22 the Claims Supervisor noted Plaintiff's diagnosis of physical impairments: cornea disorder, persistent eye pain, hypertension, headaches, abdominal pain in addition to other health conditions; she noted Plaintiff's appears unable to sustain work on a consistent, frequent basis and ongoing, pursuant to the Insurance Company(s)' records.

145. On the same day, 9/27/22, The Claims Supervisor falsely noted Plaintiff's medical file both did and did not provide evidence of physical or behavioral impairments.

146. The Claims Supervisor in part or total justified termination of Plaintiff's Insurance Plan by falsely communicating [Plaintiff's] "medical file does not provide evidence of physical or behavioral impairments."

147. The Claims Supervisor statement that [Plaintiff's] "medical file does not provide evidence of physical or behavioral impairments" was false.

148. The Claims Supervisor was aware via the company records that Plaintiff's medical records contained physical or mental medical conditions.

149. The Claims Supervisor emailed Plaintiff the following medical information, which contained a physical condition; on 1/16/17 an operative report submitted by Dr. Zaldivar, Ophthalmologist noted the Plaintiff underwent left lower eyelid cicatricial ectropion repair via adjacent tissue transfer and rotational flaps with excision of deep previous foreign body and muscle pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

150. The Claims Supervisor emailed Plaintiff the following medical information, which contains a physical medical condition; on 3/22/17 the Insurance Company(s) conducted an Ophthalmology Peer Review performed by Dr. Pomeranz and Dr. Zaldivar. They concluded for Plaintiff to refrain from work pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

151. The Claims Supervisor emailed Plaintiff the following medical information, which contains a physical medical condition; on 4/17/18 Dr. Zaldivar, Ophthalmologist indicated Plaintiff refrain from occupational and strenuous activity pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

152. The Claims Supervisor emailed Plaintiff the following medical information, which contains a physical medical condition; on 6/29/2018 Renee Phillips, the Insurance Company'(s) nurse notes Plaintiff appears to lack work function due to eye pain and blurred vision secondary to recurrent laxity of lower lid with stretching of cicatrix secondary to cicatricial ectropion requiring multiple surgical interventions pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

153. The Claims Supervisor emailed Plaintiff the following medical information, which contains a physical medical condition; on 2/15/2019 Angela D. Balderama, the Insurance Company'(s) nurse notes the presence of eye pain secondary to left eye lateral canthal dystopia, trichiasis of upper and lower eyelid, and distichiasis, Plaintiff underwent oculoplastic surgery pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

154. The Claims Supervisor emailed Plaintiff the following medical information, which contains a physical medical condition; on 05/21/19 Dr. Okoye indicated lifetime disability noting eye pain and other chronic medical conditions pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

155. The Claims Supervisor emailed Plaintiff the following medical information, which contains a physical medical condition; on 9-8-22 Dr. Okoye notes Plaintiff's Assessment: Vomiting (disorder) Abdominal Pain (finding) Diarrhea (finding) pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

156. The Claims Supervisor emailed Plaintiff the following medical information, which contains a physical medical condition; on 3-22-22, Dr. Okoye notes Plaintiff's condition had not improved and was unable to resume occupational duties pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

157. The Claims Supervisor emailed Plaintiff the following medical information, which contained a physical medical condition; on 1-10-23 Dr. Newsome, Ophthalmologist impressions were marginal blepharitis, right eye condition is worse, migraine, screw in right orbit from previous surgeries causes pain and discomfort, meibomian gland dysfunction, dry eye syndrome, hypertensive retinopathy, hypertension condition is worse pursuant to the Claims Supervisor's email to Plaintiff containing his medical records.

158. The Claims Supervisor knowingly communicated false or misleading statements causing the termination of Plaintiff's Insurance Plan.

159. All contracts of insurance on property, lives, or interests in North Carolina shall be deemed to be made therein; an offense occurring in part outside and in part in North Carolina is subject to the laws thereof including records, evidence of loss or injury pursuant to N.C. § 58-3-1, N.C. § 58-2-161.

160. The Claims Supervisor unlawfully practiced medicine in the State of North Carolina.

161. The Claims Supervisor is not a medical doctor, has not completed medical school and does not hold a medical degree.

162. The Claims Supervisor unlawfully engaged in the practice of medicine in or by way of North Carolina by offering or undertaking to prevent or diagnose, correct, prescribe for, administer to, or treat in any manner or by any means, methods, or devices any disease, illness, pain, wound, fracture, infirmity, defect, or abnormal physical or mental condition of any individual by use of any electronic or other means, including the Internet or phone pursuant to N.C. § 90-1.1, paragraphs 163 - 168:

163. On 9/14/23 the Claims Supervisor communicated to Plaintiff, "I feel like what is missing is I don't have any ophthalmology reports any ophthalmology notes."

PAGE 17

164. On 9/14/23 the Claims Supervisor communicated to Plaintiff, "We see what is happening where are the reports other than the medical records that kind of reference what the plan is I'm trying to go back and read medical records."

165. On 9/14/23 he Claims Supervisor communicated to Plaintiff, "The fix may be a surgery a surgery you don't want to do because the bad outweighs the good."

166. On 9/14/23 the Claims Supervisor communicated to Plaintiff, "My option would be not to do any of it [surgery] I would just bear the pain."

167. On 9/14/23 the Claims Supervisor communicated to Plaintiff, "The Primary Care Physician is going to have limited information on the vision part."

168. On 9/14/23 the Claims Supervisor communicated to Plaintiff, "you're not going to be penalized by deciding not to do surgery I just need something more to give me that was what the option was and that's where we are and that there was an improvement without the surgery."

2ND CAUSE OF ACTION - AGAINST THE CLAIMS SUPERVISOR AND THE INSURANCE COMPANY(S)

Plaintiff hereby incorporates all facts and allegations stated herein.

2ND CAUSE OF ACTION COUNT 1 (ABUSE OF DISCRETION 5 U.S.C. § 706(2)(A)(2)(B)

169. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

170. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 5 U.S.C. § 706(2)(A).

171. The Claims Supervisor abused discretion by arbitrarily and capriciously breaching claim procedure by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits entitling Plaintiff the right to a full and fair review pursuant to 5 U.S.C. § 706(2)(A), 29 U.S.C. § 1133(2).

172. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in breach of fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover Insurance Plan benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan. 5 U.S.C. § 706(2)(A), U.S.C. § 1132(a)(1)(B).

173. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in breach of fiduciary duty by engaging in unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct and to obtain other appropriate equitable relief to redress violations pursuant 5 U.S.C. § 706(2)(A), 29 U.S.C. § 1132(a)(3).

174. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by making false statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant 5 U.S.C. § 706(2)(A),18 U.S.C. § 1035(a)(1)(2).

175. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by presenting written or oral statements concerning a fact or matter material in opposition of Plaintiff's Insurance Plan payment knowing the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 58-

PAGE 18

2-161(b)(1).

176. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by conspiring to present written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing the statement contained false information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. 58-2-161(b)(2)

177. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct of defaming Plaintiff by making false and misleading statements resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

178. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1341.

179. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in unlawful conduct by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property (Plaintiff's Plan benefits) under false pretenses pursuant to 5 U.S.C. § 706(2)(A), N.C. § 14-100.

180. The Claims Supervisor abused discretion by arbitrarily and capriciously engaging in theft or embezzlement from Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s) pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 664.

2ND CAUSE OF ACTION COUNT 2 (BREACH OF CLAIM PROCEDURE, 29 U.S.C. § 1133 (2))

181. Plaintiff incorporates by reference all facts and allegations of paragraphs 231-239.

182. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2).

183. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by Defendant's conduct of engaging in abuse of discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2), 5 U.S.C. § 706(2)(A).

184. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant 29 U.S.C. § 1133 (2), U.S.C. § 1132(a)(1)(B).

185. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant 29 U.S.C. § 1133(2), 29 U.S.C. § 1132(a)(3).

PAGE 19

186. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

187. The Claims Supervisor breached claim procedure by making false statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2),18 U.S.C. § 1035.

188. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review conduct by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

189. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by conspiring to present written or oral statements concerning a fact or matter material and in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading statements resulting in termination of Plaintiff's Insurance Plan benefits pursuant to pursuant 29 U.S.C. § 1133(2), N.C. 58-2-161(b)(2).

190. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by defaming Plaintiff resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

191. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 29 U.S.C. § 1133(2), 18 U.S.C. § 1341.

192. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property under false pretenses pursuant to 29 U.S.C. § 1133(2), N.C. § 14-100.

193. The Claims Supervisor breached claim procedure denying Plaintiff the right to a full and fair review by  engaged in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant 29 U.S.C. § 1133(2), 18 U.S.C. § 664.

2ND CAUSE OF ACTION COUNT 3 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(1)(B))

194. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

195. The Claims Supervisor breached fiduciary duty by engaging in the unlawful conduct follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664; a civil action may be brought by a Plaintiff to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan pursuant to U.S.C. § 1132(a)(1)(B)

2ND CAUSE OF ACTION COUNT 4 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(3))

196. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

The Claims Supervisor breached fiduciary duty by engaging in the unlawful conduct follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664, a civil action may be brought by Plaintiff to enjoin any act or practice which violates the terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions or the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3).

2ND CAUSE OF ACTION COUNT 5 (FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS 18 U.S.C. § 1035)

197. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

198. The Claims Supervisor made false statements relating to a health care matter pursuant to 18 U.S.C. § 1035.

199. The Claims Supervisor made false statements relating to a health care matter by abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, 5 U.S.C. § 706(2)(A)(2)(B).

200. The Claims Supervisor made false statements relating to a health care matter by breaching claim procedure and denying Plaintiff the right to a full and fair review pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1133(2).

PAGE 21

201. The Claims Supervisor made false statements relating to a health care matter by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to 18 U.S.C. § 1035, U.S.C. § 1132(a)(1)(B).

202. The Claims Supervisor made false statements relating to a health care matter by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct, to obtain other appropriate equitable relief to redress violations pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1132(a)(3).

203. The Claims Supervisor made false statements relating to a health care matter by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to18 U.S.C. § 1035, 18 U.S.C. § 1341.

204. The Claims Supervisor made false statements relating to a health care matter relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035.

205. The Claims Supervisor made false statements relating to a health care matter by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. § 58-2-161(b)(1).

206. The Claims Supervisor made false statements relating to a health care matter conspiring to present written or oral statement concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. 58-2-161(b)(2).

The Claims Supervisor made false statements relating to a health care matter while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to 18 U.S.C. § 1035,18 U.S.C. § 664.

2ND CAUSE OF ACTION COUNT 6 (FALSE AND MISLEADING STATEMENTS N.C. § 58-2-161(b)(1))

207. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

208. The Claims Supervisor made false or misleading statements pursuant to N.C. § 58-2-161(b)(1).

209. The Claims Supervisor made false or misleading statements abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 5 U.S.C. § 706(2)(A).

210. The Claims Supervisor made false or misleading statements breaching claim procedure denying Plaintiff the right to a full and fair review pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1133(2).

211. The Claims Supervisor made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to N.C.

PAGE 22

§ 58-2-161(b)(1), U.S.C. § 1132(a)(1)(B).

212. The Claims Supervisor made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1132(a)(3).

213. The Claims Supervisor made false or misleading statements by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1341.

214. The Claims Supervisor made false or misleading statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1035.

215. The Claims Supervisor made false or misleading statements by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1).

216. The Claims Supervisor made false or misleading statements conspiring to present written or oral statements concerning a fact or matter material in opposition Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2).

217. The Claims Supervisor made false or misleading statements while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to N.C. § 58-2-161(b)(1),18 U.S.C. § 664.

2ND CAUSE OF ACTION COUNT 7 (FRAUDS AND SWINDLES 18 U.S.C. § 1341)

218. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

219. The Claims Supervisor devised a scheme to defraud Plaintiff's Insurance Plan via frauds and swindles by engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664).

2ND CAUSE OF ACTION COUNT 8 (OBTAINED PROPERTY BY FALSE PRETENSES N.C. § 14-100)

220. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

PAGE 23

221. The Claims Supervisor and Insurance Company(s) knowingly and designedly with intent to cheat or defraud Plaintiff by obtaining property under false pretenses via engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664.

2ND CAUSE OF ACTION COUNT 9 (PRACTICE OF MEDICINE WITHOUT LICENSE N.C. § 90-18 (a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3)

222. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

223. The Claims Supervisor unlawfully engaged in the practice of medicine without a license denying Plaintiff the right to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan benefits pursuant to N.C. § 90-18 (a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3).

2ND CAUSE OF ACTION COUNT 10 (PRACTICE OF MEDICINE N.C. § 90-1.1)

224. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

225. The Claims Supervisor unlawfully engaged in the practice of medicine denying Plaintiff the right to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan benefits pursuant to N.C. § 90-1.1, 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. (b), 29 U.S.C. § 1133 (2).

2ND CAUSE OF ACTION COUNT 11 (RACKETEERING, EMBEZZLEMENT FROM (ERISA) BENEFITS 18 U.S.C. §§ 1962(A), 664(1)(B))

226. Plaintiff incorporates by reference all facts and allegations of paragraphs 228-236.

227. The Claims Supervisor engaged in theft or embezzlement from the Plaintiff's Insurance Plan by engaging the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3.

228. On 10/14/22 The Claims Supervisor noted in the Insurance Company(s) record that Plaintiff's surgery is mostly cosmetic.

913
914
229. The Claims Supervisor knew or should have known after having extensive knowledge of Plaintiff's medical file that Plaintiff's surgeries were not cosmetic and were medically necessary.

915
916
230. The Claims Supervisor knew or should have known that cosmetic surgery is not medically necessary.

917
918
919
231. The Claims Supervisor made a false or misleading statement and engaged in the practice of medicine by communicating that Plaintiff's surgery was mostly cosmetic, minimizing Plaintiffs injury contributing to the decision to terminate Plaintiff's Insurance Plan.

920
921
232. On10/14/22 The Claims Supervisor made a false or misleading statement by noting in the Insurance Company(s) records that Plaintiff's stated the ophthalmologist can only give him medicine

922
that he can possibly get addicted to.

923
924
233. The Claims Supervisor knew or should have known doctors do not prescribe only addictive medications.

925
926
927
234. The Claims Supervisor falsely noted in the Insurance Company(s) records that Plaintiff's stated the ophthalmologist can only give him medicine that he can possibly get addicted to as a means to defame and minimize Plaintiff's credibility contributing to the termination of Plaintiff's Insurance Plan.

928
929
930
235. 10/14/2022 the Claims Supervisor made a false or misleading statement by verbally communicating to others and noting in the Insurance Company(s) records that Plaintiff stated, "His [Plaintiff's] mind blacks out, and it happens more often".

931
932
236. The Claims Supervisor falsely communicated, "His [Plaintiff's] mind blacks out, and it happens more often", to defame and minimize Plaintiff's credibility culminating in termination of Plaintiff's Plan.

933
3RD CAUSE OF ACTION - AGAINST THE MEDICAL DIRECTOR AND THE INSURANCE COMPANY(S)

934
237. Plaintiff hereby incorporates all facts and allegations stated herein.

935
3RD CAUSE OF ACTION COUNT 1 (ABUSE OF DISCRETION 5 U.S.C. § 706(2)(A)(2)(B)

936
238. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

937
938
239. The Medical Director abused discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 5 U.S.C. § 706(2)(A).

939
940
941
240. The Medical Director abused discretion by arbitrarily and capriciously breaching claim procedure by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits entitling Plaintiff the right to a full and fair review pursuant to 5 U.S.C. § 706(2)(A), 29 U.S.C. § 1133(2).

942
943
944
945
241. The Medical Director abused discretion by arbitrarily and capriciously engaging in breach of fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover Insurance Plan benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan. 5 U.S.C. § 706(2)(A), U.S.C. § 1132(a)(1)(B).

946
947
948
242. The Medical Director abused discretion by arbitrarily and capriciously engaging in breach of fiduciary duty by engaging in unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct and to obtain other appropriate equitable relief to redress violations pursuant 5 U.S.C. § 706(2)(A), 29

949

U.S.C. § 1132(a)(3).

243. The Medical Director abused discretion by arbitrarily and capriciously engaging in unlawful conduct by making false statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1035(a)(1)(2).

244. The Medical Director abused discretion by arbitrarily and capriciously engaging in unlawful conduct by presenting written or oral statements concerning a fact or matter material in opposition of Plaintiff's Insurance Plan payment knowing the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 58-2-161(b)(1).

245. The Medical Director abused discretion by arbitrarily and capriciously engaging in unlawful conduct by conspiring to present written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing the statement contained false information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. 58-2-161(b)(2).

246. The Medical Director abused discretion by arbitrarily and capriciously engaging in unlawful conduct of defaming Plaintiff by making false and misleading statements resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

247. The Medical Director abused discretion by arbitrarily and capriciously engaging in unlawful conduct by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1341.

248. The Medical Director abused discretion by arbitrarily and capriciously engaging in unlawful conduct by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property (Plaintiff's Plan benefits) under false pretenses pursuant to 5 U.S.C. § 706(2)(A), N.C. § 14-100.

249. The Medical Director abused discretion by arbitrarily and capriciously engaging in theft or embezzlement from Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s) pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 664.

3RD CAUSE OF ACTION COUNT 2 (BREACH OF CLAIM PROCEDURE, 29 U.S.C. § 1133 (2))

250. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

251. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2).

252. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by Defendant's conduct of engaging in abuse of discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2), 5 U.S.C. § 706(2)(A).

253. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant 29 U.S.C. § 1133 (2), U.S.C. § 1132(a)(1)(B).

254. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant 29 U.S.C. § 1133(2), 29 U.S.C. § 1132(a)(3).

255. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

256. The Medical Director breached claim procedure by making false statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2),18 U.S.C. § 1035.

257. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review conduct by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

258. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by conspiring to present written or oral statements concerning a fact or matter material and in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading statements resulting in termination of Plaintiff's Insurance Plan benefits pursuant to pursuant 29 U.S.C. § 1133(2), N.C. 58-2-161(b)(2).

259. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by defaming Plaintiff resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

260. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 29 U.S.C. § 1133(2), 18 U.S.C. § 1341.

261. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property under false pretenses pursuant to 29 U.S.C. § 1133(2), N.C. § 14-100.

262. The Medical Director breached claim procedure denying Plaintiff the right to a full and fair review by engaged in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant 29 U.S.C. § 1133(2),

028   18 U.S.C. § 664.

029   3RD CAUSE OF ACTION COUNT 3 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(1)(B))

030   263. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

031   264. The Medical Director breached fiduciary duty by engaging in the unlawful conduct follow: abuse
032   of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343,
033   breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading
034   statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40,
035   defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. §
036   1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. §
037   1341, obtained property by false N.C. § 14-100, practice of medicine 225 ILCS 15/4, Ch. 111, par. 5354,
038   Sec. 4. (b), practice of medicine N.C. § 90-1.1, theft or embezzlement from employee benefit plan18
039   U.S.C. § 664; a civil action may be brought by a Plaintiff to recover benefits due to him under the terms
040   of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits
041   under the terms of the Plan pursuant to U.S.C. § 1132(a)(1)(B).

042   3RD CAUSE OF ACTION COUNT 4 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(3))

043   265. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

044   The Medical Director breached fiduciary duty by engaging in the unlawful conduct follow: abuse of
045   discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343,
046   breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading
047   statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40,
048   defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. §
049   1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. §
050   1341, obtained property by false N.C. § 14-100, practice of medicine 225 ILCS 15/4, Ch. 111, par. 5354,
051   Sec. 4. (b), practice of medicine N.C. § 90-1.1, theft or embezzlement from employee benefit plan18
052   U.S.C. § 664, a civil action may be brought by Plaintiff to enjoin any act or practice which violates the
053   terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to
054   enforce any provisions or the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3).

055   3RD CAUSE OF ACTION COUNT 5 (FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS 18 U.S.C. §
056   1035)

057   266. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

058   267. The Medical Director made false statements relating to a health care matter pursuant to 18 U.S.C.
059   § 1035.

060   268. The Medical Director made false statements relating to a health care matter by abusing discretion
061   by arbitrarily and capriciously engaging in unlawful conduct resulting in the termination of Plaintiff's
062   Insurance Plan benefits pursuant to 18 U.S.C. § 1035, 5 U.S.C. § 706(2)(A)(2)(B).

063   269. The Medical Director made false statements relating to a health care matter by breaching claim
064   procedure and denying Plaintiff the right to a full and fair review pursuant to 18 U.S.C. § 1035, 29 U.S.C.
065   § 1133(2).

066                                 PAGE 28

270. The Medical Director made false statements relating to a health care matter by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to 18 U.S.C. § 1035, U.S.C. § 1132(a)(1)(B).

271. The Medical Director made false statements relating to a health care matter by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct, to obtain other appropriate equitable relief to redress violations pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1132(a)(3).

272. The Medical Director made false statements relating to a health care matter by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 18 U.S.C. § 1035, 18 U.S.C. § 1341.

273. The Medical Director made false statements relating to a health care matter relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035.

274. The Medical Director made false statements relating to a health care matter by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. § 58-2-161(b)(1).

275. The Medical Director made false statements relating to a health care matter conspiring to present written or oral statement concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. 58-2-161(b)(2).

The Medical Director made false statements relating to a health care matter while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to 18 U.S.C. § 1035,18 U.S.C. § 664.

3<u>RD CAUSE OF ACTION COUNT 6 (FALSE AND MISLEADING STATEMENTS N.C. § 58-2-161(b)(1))</u>

276. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

277. The Medical Director made false or misleading statements pursuant to N.C. § 58-2-161(b)(1).

278. The Medical Director made false or misleading statements abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 5 U.S.C. § 706(2)(A).

279. The Medical Director made false or misleading statements breaching claim procedure denying Plaintiff the right to a full and fair review pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1133(2).

280. The Medical Director made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to N.C. § 58-2-161(b)(1), U.S.C. § 1132(a)(1)(B).

PAGE 29

281. The Medical Director made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1132(a)(3).

282. The Medical Director made false or misleading statements by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1341.

283. The Medical Director made false or misleading statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1035.

284. The Medical Director made false or misleading statements by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1).

285. The Medical Director made false or misleading statements conspiring to present written or oral statements concerning a fact or matter material in opposition Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2).

286. The Medical Director made false or misleading statements while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to N.C. § 58-2-161(b)(1),18 U.S.C. § 664.

3RD CAUSE OF ACTION COUNT 7 (FRAUDS AND SWINDLES 18 U.S.C. § 1341)

287. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

288. The Medical Director devised a scheme to defraud Plaintiff's Insurance Plan via frauds and swindles by engaging in the unlawful conduct to follow:  abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), obtained property by false N.C. § 14-100, practice of medicine 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. (b), practice of medicine N.C. § 90-1.1, theft or embezzlement from employee benefit plan18 U.S.C. § 664).

3RD CAUSE OF ACTION COUNT 8 (OBTAINED PROPERTY BY FALSE PRETENSES N.C. § 14-100)

PAGE 30

289. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

The Medical Director knowingly and designedly with intent to cheat or defraud Plaintiff by obtaining property under false pretenses via engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, practice of medicine 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. (b), practice of medicine N.C. § 90-1.1, theft or embezzlement from employee benefit plan18 U.S.C. § 664.

3RD CAUSE OF ACTION COUNT 9 (PRACTICE OF MEDICINE 225 ILCS 15/4, CH. 111, PAR. 5354, SEC. 4. (b))

290. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

291. The Medical Director unlawfully engaged in the practice of medicine denying Plaintiff the right to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan benefits pursuant to 225 ILCS 15/4, CH. 111, PAR. 5354, SEC. 4. (b).

3RD CAUSE OF ACTION COUNT 10 (PRACTICE OF MEDICINE N.C. § 90-1.1)

292. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

293. The Medical Director unlawfully engaged in the practice of medicine denying Plaintiff the right to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan benefits pursuant to N.C. § 90-1.1, 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. (b), 29 U.S.C. § 1133 (2).

3RD CAUSE OF ACTION COUNT 11 (RACKETEERING, EMBEZZLEMENT FROM (ERISA) BENEFITS 18 U.S.C. §§ 1962(A), 664(1)(B))

294. Plaintiff incorporates by reference all facts and allegations of paragraphs 296 - 322.

295. The Medical Director and Insurance Company(s) engaged in theft or embezzlement from the Plaintiff's Insurance Plan by engaging the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. (b), practice of medicine N.C. § 90-1.1.

296. The Medical Director was hired by the Insurance Company(s) and is a resident of Illinois.

297. The Medical Director established a pattern of fraudulent conduct; The Medical Director noted in the Insurance Company'(s) records on 9/21/2022, "if additional information related to [Plaintiff's] behavior health is available, we'll need to review further and if supported, apply the MN, as the primary condition of impairment changed from physical to ONLY mental illness".

298. The conduct of the Medical director in paragraph 297 was fraudulent.

299. The conduct of the Medical Director in paragraph 297 was malicious.

300. The conduct of the Medical Director in paragraph 297 was willful.

301. The conduct of the Medical Director in paragraph 297 exemplified premeditated, wonton disregard for the truth.

302. The Medical Director fraudulent, malicious, willful and wonton conduct caused the termination of Plaintiff's Plan; Defendants are liable for compensatory damages.

303. The Medical Director's misconduct in paragraph exceeds the standards for the recovery of treble damages as only one aggravating factor is required while all requisite aggravating factors are present.

304. The Medical Director's fraudulent plot referenced in paragraph 297 was carried through fruition; The Medical Director rendered Plaintiffs diagnosis from only a Psychiatric/mental illness perspective, instructed her staff to change the status from physical conditions to mental conditions, which allowed Defendants to disregard all physical disabling conditions thereby justifying termination of Plaintiff's Insurance Plan.

305. The Medical Director's diagnosis from a Psychiatrist perspective is misleading in that the Medical Director is not a Psychiatrist.

306. The Medical Director has not completed medical school.

307. The Medical Director does not hold a medical degree.

308. The Medical Director is not a medical doctor.

309. The Medical Director did not communicate or conduct a peer review with Plaintiff's physician.

310. The Medical Director did not conduct a medical interview with Plaintiff.

311. The Medical Director did not conduct a medical exam on Plaintiff.

312. The Medical Director does not have a license to practice medicine Illinois and may not make a medical diagnosis or correct a medical diagnosis pursuant to 225 ILCS 15/4 Ch. 111, par. 5354 Sec. 4. Application of Act.

313. The Medical Director unlawfully engaged in the practice of medicine pursuant to 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. Application of Act; nothing in this Act shall be construed as permitting persons licensed as clinical psychologists to engage in any manner in the practice of medicine as defined in the laws of this State (Illinois).

314. The Medical Director unlawfully engaged in the practice of medicine in the State of Illinois and in

215 or by way of the State of North Carolina pursuant to N.C. § 90-1.1, as the practice of medicine in North
216 Carolina includes offering or undertaking to prevent or diagnose, correct, prescribe for, administer to,
217 or treat in any manner or by any means, methods, or devices any disease, illness, pain, wound,
218 fracture, infirmity, defect, or abnormal physical or mental condition of any individual by use of any
219 electronic or other means, including the Internet or phone.

220 315. Any person practicing without being duly licensed and registered in this State (North Carolina)
221 and who is falsely representing himself or herself in a manner as being licensed or registered pursuant
222 to § 90-9.1. shall be guilty of a Class I felony.

223 316. 9/14/22 the Medical Director unlawfully practice medicine by rendering a medical diagnosis
224 without a medical license directly opposing the diagnosis of Dr. Okoye, a licensed physician; The
225 Medical Director noted, "The [Plaintiff's] medical records do not support impairment from a physical
226 or medical standpoint." Dr. Okoye found that Plaintiffs medical records support physical impairment
227 pursuant to the Insurance Company'(s) medical records.

228 317. The Medical Director rendered a medical diagnosis without a medical license noting, "While
229 psychiatrist has noted [Plaintiff's] diagnosis of major cognitive disorder, updated records do not
230 indicate the etiology of this diagnosis.

231 318. The Medical Director rendered a medical diagnosis without a medical license noting,, "Records
232 do not suggest any long-lasting mental health symptom(s) or significant global psychiatric functional
233 limitations".

234 319. The Medical Director unlawfully practice medicine by rendering a medical diagnosis without a
235 medical license noting, "There is no current medical information in the claim which meets this
236 diagnosis criteria."

237 320. The Medical Director unlawfully practice medicine by offering or undertaking or by any means or
238 manner to correct the administration of prescription medication without a medical license from a
239 medically untrained, perspective noting the effect of Plaintiff's medication as a "cognitive enhancing
240 medication."

241 321. The Medical Director unlawfully practice medicine by offering or undertaking or by any means or
242 manner to correct the administration of prescription medication without a medical license noting
243 "Consider requesting Pharmacy report to identify which prescriber is prescribing which medications."

244 322. The Medical Director has established a long history of fraudulent behavior by practicing
245 medicine via rendering medical diagnosis without a medical license in multiple venues as follows:

246 a)        "Given the medical evidence in support of the Schizoaffective diagnosis, which is not an
247 exclusion to the long-term disability, the claim is not supported. Source :
248 https://law.justia.com/cases/federal/district-courts/utah/utdce/2:2015cv00626/97643/26/

249 b)        "There is no medical evidence to support ongoing impairment due to COVID or any physical
250 impairment or diagnosis pursuant to WONSANG v. RELIANCE STANDARD LIFE INSURANCE COMPANY
251 (2024).

252                                                PAGE 33

253    c)    "The medical information submitted for our review is insufficient and does not validate the
254 presence of a condition that would continually impair your ability to work pursuant to WONSANG v.
255 RELIANCE STANDARD LIFE INSURANCE COMPANY (2024).

256    d)    "The psychiatric medical information is not sufficient to support severity of functional
257 limitations due to the psychiatric condition(s) pursuant to https://casetext.com/case/merchant-v-
258 metro-life-ins-co.

259    e)    "The treatment perceived during the time period specified is not consistent with a level of
260 symptom severity that would preclude work functioning due to a psychiatric impairment." pursuant to
261 https://casetext.com/case/merchant-v-metro-life-ins-co.

262    f)    "That a schizoaffective disorder was not a long-term disability and benefits were terminated."
263 Source : https://law.justia.com/cases/federal/district-courts/utah/utdce/2:2015cv00626/97643/26/

264    g)    "The Plan's exclusion for "schizophrenia" would not include schizoaffective disorder. Source :
265 https://law.justia.com/cases/federal/district-courts/utah/utdce/2:2015cv00626/97643/26/

266 4TH CAUSE OF ACTION – AGAINST THE MEDICAL EXAMINER AND THE INSURANCE COMPANY(S)

267 323. Plaintiff hereby incorporates all facts and allegations stated herein.

268 4TH CAUSE OF ACTION COUNT 1 (ABUSE OF DISCRETION 5 U.S.C. § 706(2)(A)(2)(B)

269 324. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

270 325. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in unlawful
271 conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 5 U.S.C. § 706(2)(A).

272 326. The Medical Examiner abused discretion by arbitrarily and capriciously breaching claim
273 procedure by engaging in unlawful conduct resulting in termination of Plaintiff's Plan benefits entitling
274 Plaintiff the right to a full and fair review pursuant to 5 U.S.C. § 706(2)(A), 29 U.S.C. § 1133(2).

275 327. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in breach of
276 fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover Insurance Plan benefits due
277 to him under the terms of the Insurance Plan and rights to future benefits under the terms of the
278 Insurance Plan. 5 U.S.C. § 706(2)(A), U.S.C. § 1132(a)(1)(B).

279 328. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in breach of
280 fiduciary duty by engaging in unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct
281 and to obtain other appropriate equitable relief to redress violations pursuant 5 U.S.C. § 706(2)(A), 29
282 U.S.C. § 1132(a)(3).

283 329. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in unlawful
284 conduct by making false statements relating to a health care matter resulting in termination of
285 Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1035(a)(1)(2).

286 330. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in unlawful
287 conduct by presenting written or oral statements concerning a fact or matter material in opposition of
288 Plaintiff's Insurance Plan payment knowing the statements contained false or misleading information
289 resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 58-

290

2-161(b)(1).

331. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in unlawful conduct by conspiring to present written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing the statement contained false information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. 58-2-161(b)(2).

332. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in unlawful conduct of defaming Plaintiff by making false and misleading statements resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

333. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in unlawful conduct by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1341.

334. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in unlawful conduct by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property (Plaintiff's Plan benefits) under false pretenses pursuant to 5 U.S.C. § 706(2)(A), N.C. § 14-100.

335. The Medical Examiner abused discretion by arbitrarily and capriciously engaging in theft or embezzlement from Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s) pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 664.

4TH CAUSE OF ACTION COUNT 2 (BREACH OF CLAIM PROCEDURE, 29 U.S.C. § 1133 (2))

336. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

337. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2).

338. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by Defendant's conduct of engaging in abuse of discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2), 5 U.S.C. § 706(2)(A).

339. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant 29 U.S.C. § 1133 (2), U.S.C. § 1132(a)(1)(B).

340. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant 29 U.S.C. § 1133(2), 29 U.S.C. § 1132(a)(3).

PAGE 35

341. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

342. The Medical Examiner breached claim procedure by making false statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2),18 U.S.C. § 1035.

343. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review conduct by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

344. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by conspiring to present written or oral statements concerning a fact or matter material and in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading statements resulting in termination of Plaintiff's Insurance Plan benefits pursuant to pursuant 29 U.S.C. § 1133(2), N.C. 58-2-161(b)(2).

345. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by defaming Plaintiff resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

346. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 29 U.S.C. § 1133(2), 18 U.S.C. § 1341.

347. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property under false pretenses pursuant to 29 U.S.C. § 1133(2), N.C. § 14-100.

348. The Medical Examiner breached claim procedure denying Plaintiff the right to a full and fair review by  engaged in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant 29 U.S.C. § 1133(2), 18 U.S.C. § 664.

4^TH^ CAUSE OF ACTION COUNT 3 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(1)(B))

349. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

The Medical Examiner breached fiduciary duty by engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40,

defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, theft or embezzlement from employee benefit plan18 U.S.C. § 664; a civil action may be brought by a Plaintiff to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan pursuant to U.S.C. § 1132(a)(1)(B)

## 4TH CAUSE OF ACTION COUNT 4 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(3))

350. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

The Medical Examiner breached fiduciary duty by engaging in the unlawful conduct follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, theft or embezzlement from employee benefit plan18 U.S.C. § 664, a civil action may be brought by Plaintiff to enjoin any act or practice which violates the terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions or the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3).

## 4TH CAUSE OF ACTION COUNT 5 (FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS 18 U.S.C. § 1035)

351. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

352. The Medical Examiner made false statements relating to a health care matter pursuant to 18 U.S.C. § 1035.

353. The Medical Examiner made false statements relating to a health care matter by abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, 5 U.S.C. § 706(2)(A)(2)(B).

354. The Medical Examiner made false statements relating to a health care matter by breaching claim procedure and denying Plaintiff the right to a full and fair review pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1133(2).

355. The Medical Examiner made false statements relating to a health care matter by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to 18 U.S.C. § 1035, U.S.C. § 1132(a)(1)(B).

356. The Medical Examiner made false statements relating to a health care matter by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct, to obtain other appropriate equitable relief to redress violations pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1132(a)(3).

PAGE 37

357. The Medical Examiner made false statements relating to a health care matter by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to18 U.S.C. § 1035, 18 U.S.C. § 1341.

358. The Medical Examiner made false statements relating to a health care matter relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035.

359. The Medical Examiner made false statements relating to a health care matter by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. § 58-2-161(b)(1).

360. The Medical Examiner made false statements relating to a health care matter conspiring to present written or oral statement concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. 58-2-161(b)(2).

The Medical Examiner made false statements relating to a health care matter while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to 18 U.S.C. § 1035,18 U.S.C. § 664.

<u>4TH CAUSE OF ACTION COUNT 6 (FALSE AND MISLEADING STATEMENTS N.C. § 58-2-161(b)(1))</u>

361. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

362. The Medical Examiner made false or misleading statements pursuant to N.C. § 58-2-161(b)(1).

363. The Medical Examiner made false or misleading statements abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 5 U.S.C. § 706(2)(A).

364. The Medical Examiner made false or misleading statements breaching claim procedure denying Plaintiff the right to a full and fair review pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1133(2).

365. The Medical Examiner made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to N.C. § 58-2-161(b)(1), U.S.C. § 1132(a)(1)(B).

366. The Medical Examiner made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1132(a)(3).

367. The Medical Examiner made false or misleading statements by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1341.

368. The Medical Examiner made false or misleading statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1035.

369. The Medical Examiner made false or misleading statements by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1).

370. The Medical Examiner made false or misleading statements conspiring to present written or oral statements concerning a fact or matter material in opposition Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2).

371. The Medical Examiner made false or misleading statements while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to N.C. § 58-2-161(b)(1),18 U.S.C. § 664.

4TH CAUSE OF ACTION COUNT 7 (FRAUDS AND SWINDLES 18 U.S.C. § 1341)

372. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

373. The Medical Examiner devised a scheme to defraud Plaintiff's Insurance Plan via frauds and swindles by engaging in the unlawful conduct to follow:  abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), obtained property by false N.C. § 14-100, theft or embezzlement from employee benefit plan18 U.S.C. § 664).

4TH CAUSE OF ACTION COUNT 8 (OBTAINED PROPERTY BY FALSE PRETENSES N.C. § 14-100)

374. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

The Medical Examiner knowingly and designedly with intent to cheat or defraud Plaintiff by obtaining property under false pretenses via engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation

28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, theft or embezzlement from employee benefit plan18 U.S.C. § 664.

4TH CAUSE OF ACTION COUNT 9 (RACKETEERING, EMBEZZLEMENT FROM (ERISA) BENEFITS 18 U.S.C. §§ 1962(A), 664(1)(B))

375. Plaintiff incorporates by reference all facts and allegations of paragraphs 377 - 417.

376. The Medical Examiner and Insurance Company(s) engaged in theft or embezzlement from the Plaintiff's Insurance Plan by engaging the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3.

377. The Company'(s) Appeals Manager communicated Plaintiff would need to travel between one and two hundred miles to be seen by Independent Medical Examiner.

378. Plaintiff lived in a city of over 900,000 people with numerous Independent Medical Examiners.

379. The lengthy trip of between one and two hundred miles to be examined by an Independent Medical Examiner appeared as a plot to discourage Plaintiff from being examined by an Independent Medical Examiner unaffiliated with the Insurance Company(s).

380. The Insurance Company'(s)  Appeals Manager offered a peer review which would not require Plaintiff to travel.

381. The Insurance Company'(s)  Appeals Manager claimed to have located a Medical Examiner and arranged for a peer review with Plaintiff's physician.

382. The Medical Examiner hired by the Insurance Company(s) at the relevant time was a resident of New York.

383. The Medical Examiner was hired by the Insurance Company(s) to conduct an independent medical examination on Plaintiff to determine disability status.

384. Pursuant to the Plaintiff's Insurance Plan treatment means care consistent with the diagnosis of the Insured's injury or sickness that has its purpose of maximizing the Insured's medical improvement. It must be provided by a Physician whose specialty or experience is most appropriate for the injury or sickness and conforms with generally accepted medical standards to effectively manage and treat the Insured's injury or sickness.

PAGE 40

385. Plaintiff has undergone numerous eye surgeries from 5 Ophthalmologist for tumor removal and other extensive ocular ailments. The most appropriate physician to conduct an independent medical examination on Plaintiff would be an Ophthalmologist who is a specialized ocular surgery.

386. The Insurance Company(s) hired, as Plaintiff's Medical Examiner, a Pulmonologist who specializes in breathing and lung function. The Medical Examiner has not performed eye surgery.

387. The Medical Examiner's specialty or experience is not the most appropriate care consistent with the diagnosis of Plaintiff's injury or sickness

388. The medical credentials of the Medical Examiner contradict Plaintiff's Insurance Plan treatment guidelines referenced in paragraph 326. [Treatment] must be provided by a Physician whose specialty or experience is most appropriate for the injury.

389. The Medical Examiner at the relevant time was the Medical Examiner of Reliable Review Services.

390. Reliable Review Services website claims to have 500 reviewers spanning over 60 specialties and sub-specialties, including over 180 dual-boarded physicians.

391. Reliable Review Services website (www.reliablers.com) states they have a credentialed panel of peer-review doctors from all states and specialties.

392. The Board of Medical specialties recognize 135 specialties. Reliable Review Services claimed to have doctors in all 50 states and specialties, which would be 135 doctors multiplied by 50 states; therefore, Reliable Review Services would have a minimum network of 6,750 medical doctors.

393. Reliable Review Services website lists 4 employees.

394. Reliable Review Services claimed to be located at 604 Banyan Trail Boca Raton, FL. The building at this location was a post office.

395. Reliable Review Services claimed to be located at 621 North West 53rd Street Suite 275 Boca

396. Raton, FL. This location was a virtual address with rent starting at $49 a month.

397. Managing a network of hundreds or the second case, thousands of doctors with a staff of 4 employees appear false or misleading, which appears to be a pattern of behavior associated with the Defendants and Medical Examiner:

398. Pursuant to Krueger v. Reliance Standard Life Insurance Company, No. 1:2023cv02493 - Document 50 (N.D. Ill. 2025), the Court found the following:

a)      [Medical Examiner ] seemed to be searching for a reason to deny [Insured's] claim.

b)      [Medical Examiner's] opinion rests on dismissing [Insured's] evidence as subjective.

c)      [Medical Examiner] repeatedly dismissed additional medical records as subjective.

d)      [Medical Examiner] barely addressed the primary basis for the [Insured's] claim for disability.

e)      [RSL] largely relies on the opinion of the [Medical Examiner].

f)      [Medical Examiner] never met with claimant.

PAGE 41

399. Pursuant to the Plaintiff's Insurance Plan the Insurance Company(s) can interview and/or examine Plaintiff physically, psychologically and psychiatrically to determine disability.

400. The Medical Examiner did not interview or examine Plaintiff physically.

401. The Medical Examiner did not interview or examine Plaintiff psychologically.

402. The Medical Examiner did not interview or examine Plaintiff psychiatrically.

403. The Medical Examiner never exchanged any medical information with Plaintiff's doctor.

404. The Medical Examiner did not communicate or conduct a peer review with Plaintiff's physician.

405. The Medical Examiner conducted the peer review alone without Plaintiff's Physician.

406. At the relevant time the Medical Examiner was not in compliance to be a Medical Examiner pursuant to 59A-4.1075 (c)which states a physician must have his or her principal office within 60 miles of all facilities for which he or she serves as Medical Examiner, therefore rendering the Medical Examiner's finding related to Plaintiff's Insurance Plan Benefits void or unlawful.

407. The Medical Examiner at the relevant time claimed to be a Medical Examiner in the State of Florida. The Medical Examiner's principal office was located over 1,000 miles away in New York.

408. Pursuant to 59A-4.1075 (c), the Medical Examiner must be located within 60 miles of all the medical facilities for which he serves.

409. The Medical Examiner breached the proximity to practice requirement by over 900 miles pursuant to 59A-4.1075 (c).

410. The Plaintiff has over 1,000 pages of medical records including more than 10 eye surgeries, numerous doctors ordering Plaintiff to refrain from occupation duties and the Medical Examiner notes the Plaintiff's examination findings were unremarkable.

411. The Insurance Company'(s) Medical Examiner notes that none of the Plaintiff's records identify any functional

412. impairment during the period of time in question.

413. The Medical Examiner assessment only included medical information from the "the period of time in question". This is highly misleading in that "the period of time in question" was a very narrow time frame, after Plaintiff's claim was terminated and during the latter part of the appeal.

414. The Insurance Company'(s) Medical Examiner conflict of interest warrants increased skepticism of its decision to directly contribute to the denial of Plaintiff's Plan and appeal pursuant to Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006) (en banc) and Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343 (2008).

415. The Medical Examiner conveyed a provable pattern of false or misleading information in favor of his employer/the Insurance Company(s), as evidenced in this matter and previous court cases.

416. The Medical Examiner's failure to fairly weigh the medical evidence, interspersing faulty and arbitrary determinations of Plaintiff's medical status constitute breaches of its fiduciary duties.

PAGE 42

417. As a result of Defendants practices Plaintiff has sustained injuries and damages as alleged in the entirety of this complaint.

5TH CAUSE OF ACTION – AGAINST DEFENDANTS

418. Plaintiff hereby incorporates all facts and allegations stated herein.

COUNT 1 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(c)(1))

419. Plaintiff incorporates by reference the allegations of paragraph 420-452.

420. Any administrator who fails or refuses to comply with a request for any information which such administrator is required to furnish Plaintiff within 30 days after such request may be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal; the Court may impose other relief as it deems proper, each violation shall be treated as a separate violation pursuant to 29 U.S.C. § 1132(c)(1).

421. Administrators referenced herein at the relevant time were employee(s) of RSL and failed or refused to comply with a request for information. Administrators are required to furnish to a beneficiary with requested information within 30 days after such request or may be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal; the Court may impose other relief as it deems proper, each violation shall be treated as a separate violation pursuant to 29 U.S.C. § 1132(c)(1).

422. POLICY RULE: "We will, upon specific request and free of charge, provide copies of all documents, records, and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol, or other similar criterion (if any) relied upon in making this determination."

423. On 10/17/22 the Claims Supervisor received Plaintiff's request for a copy of the claim file.

424. The initial information sent to Plaintiff was 7 years old and out of order.

425. The Claims Supervisor the response time allowed by law is 30 days.

426. The Claims Supervisor responded 35 days after Plaintiff's records request taking 5 days longer than the law allows therefore Plaintiff is entitled to $100 x 5 days or $500 pursuant to 29 U.S.C. § 1132(c)(1).

427. On 1/10/23 Plaintiff made a "specific records request" to Alicia Haskell an employee of RSL.

428. On 1/10/23 per RSL policy rules Plaintiff made a "specific request" for the following:

A. Plaintiff requested all dates Plaintiff's claim was reviewed by Insurance Company(s) medical staff in 2022.

B. Plaintiff requested the name(s) of Medical Directors on staff, and all other participants present for reviews on 9/14/2022 and 9/21/2022.

C. Plaintiff requested all notes/records including the recommendation of your Medical Director(s).

PAGE 43

429. Alicia Haskell has not responded in more than 975 days after Plaintiff's records request.

430. The response time allowed by law is 30 days. 30 days subtracted from 975 leaves 945 past the allowable response therefore Plaintiff is entitled to 945 days x $100 or $94,500 pursuant to 29 U.S.C. § 1132(c)(1).

431. On 1/5/23 Plaintiff made a "specific records request" to Alicia Haskell an employee of RSL.

432. On 1/5/23 per RSL policy rules Plaintiff made a "specific request" for the following:

A. Plaintiff requested dates of all benefit determination claim review meetings in 2022.

B. Plaintiff requested names and qualifications of all participants present for each benefit determination claim review meeting in 2022.

C. Plaintiff requested notes and recommendations of all participants present for each benefit determination claim review meeting in 2022.

433. Alicia Haskell has not responded in more than 980 days after Plaintiff's records request.

434. The response time allowed by law is 30 days. 30 days subtracted from 980 leaves 950 past the allowable response therefore Plaintiff is entitled to 950 days x $100 or $95,000 pursuant to 29 U.S.C. § 1132(c)(1).

435. On 12/22/22 Plaintiff made a records request to Alicia Haskell.

436. Alicia Haskell has not responded in more than 994 days after Plaintiff's records request.

437. The response time allowed by law is 30 days. 30 days subtracted from 994 leaves 964 past the allowable response therefore Plaintiff is entitled to 964 days x $100 or $96,400 pursuant to 29 U.S.C. § 1132(c)(1).

438. On 1/27/23 Plaintiff made a "specific records request" to Danielle Klein an employee of RSL.

439. On 1/27/23 per RSL policy rules Plaintiff made a "specific request" for the following:

A. Plaintiff requested dates of all benefit determination claim review meetings in 2022.

B. Plaintiff requested names and qualifications of all participants present for each benefit determination claim review meeting in 2022.

C. Plaintiff requested notes and recommendations of all participants present for each benefit determination claim review meeting in 2022.

448. Danielle Klein has not responded in more than 960 days after Plaintiff's records request.

440. The response time allowed by law is 30 days. 30 days subtracted from 960 leaves 930 past the allowable response therefore Plaintiff is entitled to 930 days x $100 or $93,000 pursuant to 29 U.S.C. § 1132(c)(1).

441. On 1/10/23 Plaintiff made a "specific records request" to Danielle Klein an employee of RSL.

442. On 1/10/23 per RSL policy rules Plaintiff made a "specific request" for the following:

A. Plaintiff requested dates of all benefit determination claim review meetings in 2022.

B. Plaintiff requested names and qualifications of all participants present for each benefit determination claim review meeting in 2022.

C. Plaintiff requested notes and recommendations of all participants present for each benefit determination claim review meeting in 2022.

443. Danielle Klein has not responded in more than 975 days after Plaintiff's records.

444. The response time allowed by law is 30 days. 30 days subtracted from 975 leaves 945 past the allowable response therefore Plaintiff is entitled to 945 days x $100 or $94,500 pursuant to 29 U.S.C. § 1132(c)(1).

445. On 5/30/23 Plaintiff made a "specific records request" to Appeals Manager an employee of RSL.

446. On 5/30/23 per RSL policy rules Plaintiff made a "specific request" for the following:

A. Plaintiff requested dates of all benefit determination claim review meetings in 2022.

B. Plaintiff requested names and qualifications of all participants present for each benefit determination claim review meeting in 2022.

C. Plaintiff requested notes and recommendations of all participants present for each benefit determination claim review meeting in 2022.

447. Appeals Manager has not responded in more than 960 days after Plaintiff's records request.

448. The response time allowed by law is 30 days. 30 days subtracted from 835 leaves 805 past the allowable response therefore Plaintiff is entitled to 805 days x $100 or $80,500 pursuant to 29 U.S.C. § 1132(c)(1).

449. On 8/31/23 Plaintiff made a "specific records request" to Appeals Manager an employee of RSL.

450. On 8/31/23 per RSL policy Plaintiff made a "specific request" for the following:

A. Plaintiff requested dates of benefit determination claim review meetings 2022, 2023.

B. Plaintiff requested names and qualifications of all participants of these meetings.

C. Plaintiff requested notes and recommendations of all participants present for each of these meetings.

451. The Appeals Manager has not responded in more than 960 days after Plaintiff's records request.

452. The response time allowed by law is 30 days. 30 days subtracted from 742 leaves 712 past the allowable response therefore Plaintiff is entitled to 712 days x $100 or $71,200 pursuant to 29 U.S.C. § 1132(c)(1).

PAGE 45

## 6TH CAUSE OF ACTION – AGANST DEFENDANTS

453. Plaintiff hereby incorporates all facts and allegations stated herein.

## 6TH CAUSE OF ACTION COUNT 1 (CONSPIRED TO MAKE FALSE STATEMENTS N.C. § 58-2-161(b)(2))

454. Plaintiff incorporates by reference the allegations of paragraph 455- 469.

455. Defendant(s) referenced herein with the intent to injure, defraud, or deceive an insurance claimant to assist, abet, solicit, or conspire with another person to prepare or make any written or oral statement intended to be presented to an insurance claimant in connection with a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contained false or misleading information concerning a fact or matter material to the claim pursuant to N.C. 58-2-161(b)(2)

456. The Claims Supervisor assisted or conspired with Derek Jackson (at the relevant time a RSL employee) to make false or misleading oral statements pursuant to N.C. 58-2-161(b)(2).

457. Derek Jackson asked Plaintiff, "do you have any doctors besides those two" Plaintiff responded, "I don't have the best memory whatever is on the sheet should be accurate."

458. Derek Jackson noted that Plaintiff stated, "due to memory issues he [Plaintiff] doesn't remember the details of his condition or treatment".

459. Derek Jackson without being a medical professional stated, "it appears that he would also be medically able to perform a sedentary occupation,"

460. The Claims Supervisor assisted or conspired with Angela (at the relevant time a RSL employee) to make false or misleading oral statements pursuant to N.C. 58-2-161(b)(2).

461. Angela Thomas falsely stated, "He [Plaintiff] blacks out".

462. Angela Thomas falsely stated, "He [Plaintiff] can be up for days with insomnia.

463. Angela Thomas conspired with the Claims Supervisor to communicated this false information.

464. The Claims Supervisor assisted or conspired with Sue Shorey (at the relevant time a RSL employee) to make false or misleading oral statements pursuant to N.C. 58-2-161(b)(2).

465. Sue Shorey refused Plaintiff's records and conspired with Derek and the Claims Supervisor to terminate Plaintiff's Insurance Plan.

466. The Claims Supervisor assisted or conspired with Stacey Sirois (at the relevant time a RSL employee) to make false or misleading oral statements pursuant to N.C. 58-2-161(b)(2).

467. Stacey Sirois assisted or conspired with the Medical Examiner to make false or misleading oral statements pursuant to N.C. 58-2-161(b)(2).

468. The Appeals Manager states, "While [Plaintiff] you are not disputing [The Medical Examiner's] medical opinion," is false or misleading conveying that Plaintiff agrees with the Medical Examiner.

469. Plaintiff disputed the Medical Director's diagnosis.

PAGE 46

732  7TH  CAUSE OF ACTION AGAINST - DEFENDENTS

733  470. Plaintiff hereby incorporates all facts and allegations stated herein.

734  COUNT 1 (ATTEMPTS AND CONSPIRACY, FRAUD BY WIRE18 U.S.C. §§ 1349, 1343)

735  471. Plaintiff incorporates by reference the allegations of paragraph 472-489.

736  472. The Defendants conspired to make false and misleading statements concerning material facts
737  referenced herein pursuant to 18 U.S.C. § 1349

738  473. Defendant(s) herein with the intent to injure, defraud, or deceive an insurance claimant to assist,
739  abet, solicit, or conspire with another person to prepare or make any written or oral statement
740  intended to be presented to an insurance claimant in connection with a claim for payment or other
741  benefit pursuant to an insurance policy, knowing that the statement contained false or misleading
742  information concerning a fact or matter material to the claim pursuant to 18 U.S.C. § 1349.

743  474.  The Claims Supervisor assisted or conspired with Derek Jackson (at the relevant time a RSL
744  employee) to make false or misleading oral statements pursuant to 18 U.S.C. § 1349.

745  475. Derek Jackson asked Plaintiff, "do you have any doctors besides those two" Plaintiff responded, "I
746  don't have the best memory whatever is on the sheet should be accurate."

747  476. Derek Jackson noted that Plaintiff stated, "due to memory issues he [Plaintiff] doesn't remember
748  the details of his condition or treatment".

749  477. Derek Jackson without being a medical professional stated, "it appears that he would also be
750  medically able to perform a sedentary occupation,"

751  478. The Claims Supervisor assisted or conspired with Angela (at the relevant time a RSL employee) to
752  make false or misleading oral statements pursuant to 18 U.S.C. § 1349.

753  479. Angela Thomas falsely stated, "He [Plaintiff] blacks out".

754  480. Angela Thomas falsely stated, "He [Plaintiff] can be up for days with insomnia.

755  481. Angela Thomas conspired with the Claims Supervisor to communicated this false information.

756  482. The Claims Supervisor assisted or conspired with Sue Shorey (at the relevant time a RSL
757  employee) to make false or misleading oral statements pursuant to 18 U.S.C. § 1349.

758  483. Sue Shorey refused Plaintiff's records and conspired with Derek and the Claims Supervisor to
759  terminate Plaintiff's Insurance Plan.

760  484. The Claims Supervisor assisted or conspired with Stacey Sirois (at the relevant time a RSL

761  485. employee) to make false or misleading oral statements pursuant to 18 U.S.C. § 1349.

762  486. Stacey Sirois assisted or conspired with the Medical Examiner to make false or misleading oral
763  statements pursuant to 18 U.S.C. § 1349.

764  487. Stacey Sirois falsely states, "While [Plaintiff] you are not disputing [The Medical Examiner's]
765  medical opinion."

766  488. Plaintiff disputed the Medical Director's diagnosis.

1767  PAGE 47

489. Any person who attempts or conspires to commit any offense shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy pursuant to 18 U.S.C. § 1349.

8TH CAUSE OF ACTION AGAINST – THE INSURANCE COMPANY(S)

490. Plaintiff hereby incorporates all facts and allegations stated herein.

8TH CAUSE OF ACTION COUNT 1 (ABUSE OF DISCRETION 5 U.S.C. § 706(2)(A)(2)(B)

491. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

492. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 5 U.S.C. § 706(2)(A).

493. The Insurance Company(s)abused discretion by arbitrarily and capriciously breaching claim procedure by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits entitling Plaintiff the right to a full and fair review pursuant to 5 U.S.C. § 706(2)(A), 29 U.S.C. § 1133(2).

494. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in breach of fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover Insurance Plan benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan. 5 U.S.C. § 706(2)(A), U.S.C. § 1132(a)(1)(B).

495. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in breach of fiduciary duty by engaging in unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct and to obtain other appropriate equitable relief to redress violations pursuant 5 U.S.C. § 706(2)(A), 29 U.S.C. § 1132(a)(3).

496. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in unlawful conduct by making false statements relating to a health care matter resulting in termination of

497. Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1035(a)(1)(2).

498. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in unlawful conduct by presenting written or oral statements concerning a fact or matter material in opposition of Plaintiff's Insurance Plan payment knowing the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 58-2-161(b)(1).

499. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in unlawful conduct by conspiring to present written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing the statement contained false information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. 58-2-161(b)(2).

500. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in unlawful conduct of defaming Plaintiff by making false and misleading statements resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 5 U.S.C. § 706(2)(A), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

PAGE 48

501. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in unlawful conduct by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 1341.

502. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in unlawful conduct by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property (Plaintiff's Plan benefits) under false pretenses pursuant to 5 U.S.C. § 706(2)(A), N.C. § 14-100.

503. The Insurance Company(s)abused discretion by arbitrarily and capriciously engaging in theft or embezzlement from Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s) pursuant to 5 U.S.C. § 706(2)(A),18 U.S.C. § 664.

## 8TH CAUSE OF ACTION COUNT 2 (BREACH OF CLAIM PROCEDURE, 29 U.S.C. § 1133 (2))

504. Plaintiff incorporates by reference all facts and allegations of paragraphs

505. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2).

506. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by Defendant's conduct of engaging in abuse of discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2), 5 U.S.C. § 706(2)(A).

507. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant 29 U.S.C. § 1133 (2), U.S.C. § 1132(a)(1)(B).

508. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by breaching fiduciary duty by engaging unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant 29 U.S.C. § 1133(2), 29 U.S.C. § 1132(a)(3).

509. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

510. The Insurance Company(s)breached claim procedure by making false statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant 29 U.S.C. § 1133(2),18 U.S.C. § 1035.

PAGE 49

511. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review conduct by presenting written or oral statements concerning a fact or matter material and in opposition of Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to29 U.S.C. § 1133(2), N.C. § 58-2-161(b).

512. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by conspiring to present written or oral statements concerning a fact or matter material and in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading statements resulting in termination of Plaintiff's Insurance Plan benefits pursuant to pursuant 29 U.S.C. § 1133(2), N.C. 58-2-161(b)(2).

513. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by defaming Plaintiff resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 29 U.S.C. § 1133(2), N.C. § 1D-15, N.C.P.I CIVIL 806.40.

514. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to 29 U.S.C. § 1133(2), 18 U.S.C. § 1341.

515. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by knowingly and designedly with intent to cheat or defraud Plaintiff to obtain money or property under false pretenses pursuant to 29 U.S.C. § 1133(2), N.C. § 14-100.

516. The Insurance Company(s)breached claim procedure denying Plaintiff the right to a full and fair review by  engaged in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant 29 U.S.C. § 1133(2), 18 U.S.C. § 664.

## 8TH CAUSE OF ACTION COUNT 3 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(1)(B))

517. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

518. The Insurance Company(s)breached fiduciary duty by engaging in the unlawful conduct follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664; a civil action may be brought by a Plaintiff to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan pursuant to U.S.C. § 1132(a)(1)(B)

PAGE 50

## 8ᵀᴴ CAUSE OF ACTION COUNT 4 (BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(3))

519. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

The Insurance Company(s)breached fiduciary duty by engaging in the unlawful conduct follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664, a civil action may be brought by Plaintiff to enjoin any act or practice which violates the terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions or the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3).

## 8ᵀᴴ CAUSE OF ACTION COUNT 5 (FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS 18 U.S.C. § 1035)

520. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

521. The Insurance Company(s)made false statements relating to a health care matter pursuant to 18 U.S.C. § 1035.

522. The Insurance Company(s)made false statements relating to a health care matter by abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in the termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, 5 U.S.C. § 706(2)(A)(2)(B).

523. The Insurance Company(s)made false statements relating to a health care matter by breaching claim procedure and denying Plaintiff the right to a full and fair review pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1133(2).

524. The Insurance Company(s)made false statements relating to a health care matter by breaching fiduciary duty by engaging in unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to 18 U.S.C. § 1035, U.S.C. § 1132(a)(1)(B).

525. The Insurance Company(s)made false statements relating to a health care matter by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendants conduct, to obtain other appropriate equitable relief to redress violations pursuant to 18 U.S.C. § 1035, 29 U.S.C. § 1132(a)(3).

526. The Insurance Company(s)made false statements relating to a health care matter by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to18 U.S.C. § 1035, 18 U.S.C. § 1341.

PAGE 51

527. The Insurance Company(s)made false statements relating to a health care matter relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035.

528. The Insurance Company(s)made false statements relating to a health care matter by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. § 58-2-161(b)(1).

529. The Insurance Company(s)made false statements relating to a health care matter conspiring to present written or oral statement concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statement contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to 18 U.S.C. § 1035, N.C. 58-2-161(b)(2).

The Insurance Company(s)made false statements relating to a health care matter while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to 18 U.S.C. § 1035, 18 U.S.C. § 664.

8TH CAUSE OF ACTION COUNT 6 (FALSE AND MISLEADING STATEMENTS N.C. § 58-2-161(b)(1))

530. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

531. The Insurance Company(s)made false or misleading statements pursuant to N.C. § 58-2-161(b)(1).

532. The Insurance Company(s)made false or misleading statements abusing discretion by arbitrarily and capriciously engaging in unlawful conduct resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 5 U.S.C. § 706(2)(A).

533. The Insurance Company(s)made false or misleading statements breaching claim procedure denying Plaintiff the right to a full and fair review pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1133(2).

534. The Insurance Company(s)made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to recover benefits due to him under the terms of the Insurance Plan and rights to future benefits under the terms of the Insurance Plan pursuant to N.C. § 58-2-161(b)(1), U.S.C. § 1132(a)(1)(B).

535. The Insurance Company(s)made false or misleading statements by breaching fiduciary duty by engaging in the unlawful conduct entitling Plaintiff to enjoinment of Defendant's conduct and to obtain other appropriate equitable relief to redress violations pursuant to N.C. § 58-2-161(b)(1), 29 U.S.C. § 1132(a)(3).

536. The Insurance Company(s)made false or misleading statements by engaging in theft or embezzlement from Plaintiff's Insurance Benefit plan devising a scheme to defraud Plaintiff's Insurance Plan benefits by obtaining money under fraudulent pretenses, which used the Postal Service for delivery pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1341.

537. The Insurance Company(s)made false or misleading statements relating to a health care matter resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), 18 U.S.C. § 1035.

538. The Insurance Company(s)made false or misleading statements by presenting written or oral statements concerning a fact or matter material in opposition to Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1).

539. The Insurance Company(s)made false or misleading statements conspiring to present written or oral statements concerning a fact or matter material in opposition Plaintiff's Insurance Plan payment knowing that the statements contained false or misleading information resulting in termination of Plaintiff's Insurance Plan benefits pursuant to N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2).

540. The Insurance Company(s)made false or misleading statements while engaging in theft or embezzlement from the Plaintiff's Insurance Plan by converting the Insurance Plan benefit (money) to the use of another (The Insurance Company(s)) pursuant to N.C. § 58-2-161(b)(1),18 U.S.C. § 664.

8TH CAUSE OF ACTION COUNT 7 (FRAUDS AND SWINDLES 18 U.S.C. § 1341)

541. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

542. The Insurance Company(s)devised a scheme to defraud Plaintiff's Insurance Plan via frauds and swindles by engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664).

8TH CAUSE OF ACTION COUNT 8 (OBTAINED PROPERTY BY FALSE PRETENSES N.C. § 14-100)

543. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

544. The Insurance Company(s)knowingly and designedly with intent to cheat or defraud Plaintiff by obtaining property under false pretenses via engaging in the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3, theft or embezzlement from employee benefit plan18 U.S.C. § 664.

PAGE 53

## 8TH CAUSE OF ACTION COUNT 9 (PRACTICE OF MEDICINE WITHOUT LICENSE N.C. § 90-18 (a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3)

545. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

546. The Insurance Company(s)unlawfully engaged in the practice of medicine without a license denying

547. Plaintiff the right to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan benefits pursuant to N.C. § 90-18 (a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3).

## 8TH CAUSE OF ACTION COUNT 10 (PRACTICE OF MEDICINE N.C. § 90-1.1)

548. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

549. The Insurance Company(s)unlawfully engaged in the practice of medicine denying Plaintiff the right to a full and fair review causing the unlawful termination of Plaintiff Insurance Plan benefits pursuant to N.C. § 90-1.1, 225 ILCS 15/4, Ch. 111, par. 5354, Sec. 4. (b), 29 U.S.C. § 1133 (2).

## 8TH CAUSE OF ACTION COUNT 11 (RACKETEERING, EMBEZZLEMENT FROM (ERISA) BENEFITS 18 U.S.C. §§ 1962(A), 664(1)(B))

550. Plaintiff incorporates by reference all facts and allegations of paragraphs 552-557.

551. The Insurance Company(s)engaged in theft or embezzlement from the Plaintiff's Insurance Plan by engaging the unlawful conduct to follow: abuse of discretion 5 U.S.C. § 706(2)(A)(2)(B), attempts and conspiracy, fraud by wire18 U.S.C. §§ 1349, 1343, breach of claims procedure 29 U.S.C. 1133(2), breach of fiduciary duty 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty 29 U.S.C. § 1132(a)(3), made and conspired to make false and misleading statements N.C. § 58-2-161(b)(1), N.C. 58-2-161(b)(2), defamation N.C. § 1D-15, N.C.P.I CIVIL 806.40, defamation 28 U.S.C. § 4101(1), making false statements relating to health care matters18 U.S.C. § 1035, making false and misleading statements N.C. § 58-2-161(b)(1), frauds and swindles 18 U.S.C. § 1341, obtained property by false N.C. § 14-100, practice of medicine N.C. § 90-1.1, practice of medicine without a license N.C. § 90-18(a), 225 ILCS 60/3, CH. 111, PAR. 4400, SEC. 3.

552. The Insurance Company(s) was and is aware that knowingly engaging in fraudulent conduct regarding a claim for payment of a loss or benefit is unlawful.

553. The Insurance Company(s) has a Proof of Loss Claim Form that to be completed by clients.

554. The Insurance Company'(s) Proof of Loss Claim Form warns against fraudulent behavior.

555. The Insurance Company'(s) Proof of Loss Claim Form deters fraudulent behavior with fines or prison.

556. The Insurance Company'(s) Proof of Loss Claim Statement, "Any person who knowingly presents false or fraudulent claim for payment of a loss or benefit or knowingly present false information in an application is guilty of a crime and may be subject to fines and confinement in prison"

557. Defendants knowingly made false or misleading statements to deny Plaintiff's Insurance Plan benefits pursuant to the Insurance Company'(s) Proof of Loss Claim Form and .N.C. § 58-2-161.

## 9th CAUSE OF ACTION – AGAINST ROCKFORD SCHOOL DISTRICT 205

558. Plaintiff hereby incorporates all facts and allegations stated herein.

559. Plaintiff incorporates by reference the allegations of paragraph 560 – 588.

560. Rockford Public School District knew or should have known the Company (s) (RSL, Matrix, Tokio) selected to insure and or administrate Plaintiff's Plan had a history illustrating a pattern of corporate insurance misconduct (https://evilcorporations.com/corporate-misconduct-reliance-standard-life-insurance/).

561. Defendant(s) (RSL, Matrix, Tokio) pattern of misconduct predates Plaintiff's Plan and continues into 2025 as evidenced by financial harm committed in the case of NANCY STARK, as Legal Guardian and Mother of Jill Finley, an incapacitated person, Plaintiff - Appellant, v. RSL.

562. Pursuant to Krueger v. RSL, No. 1:2023cv02493 - Document 50, the Court found the following:

a)      [The Company (s) Medical Examiner ] seemed to be searching for a reason to deny [Insured's] claim.

b)      [The Company (s) Medical Examiner's] opinion rests on dismissing [Insured's] evidence as subjective.

c)      [The Company (s) Medical Examiner] repeatedly dismissed additional medical records as subjective.

d)      [The Company (s) Medical Examiner] barely addressed the primary basis for the [Insured's] claim for disability.

e)      [RSL] largely relies on the opinion of the [Medical Examiner].

f)      [The Company (s) Medical Examiner] never met with claimant.

563. The Company(s) has been found liable by the Courts for misconduct prior to the issuance of Plaintiff's Plan.

564. RPS was or should have been aware of the Insurance Company(s) fraudulent or misleading behavior.

565. RPS was or should have been aware that the Insurance Company(s) denied claims without substantial evidence.

566. The Courts have found that RSL denials were arbitrary and capricious, as the Insurance Company(s) failed to base its decisions on substantial and complete evidence.

567. The Courts have found that RPS ignored medical opinions.

568. The Courts have found that RPS improperly dismissed claims for conditions involving pain and cognitive function.

569. The Courts have found that RPS used unfair review practices.

570. The Courts have found that RPS both administered and paid claims, as it has a built-in financial incentive to deny benefits.

PAGE 55

571. The Courts have found that RSL cherry picked or selectively emphasized favorable parts of medical records while ignoring evidence that supports claimant's disability.

572. The Courts have found that RSL was liable for rendered flawed vocational assessments and misclassified or misrepresented a claimant's occupational duties in the national economy to justify a denial.

573. The Courts have found that RSL has used unethical and improper tactics to deny claims.

574. The Courts have found that RSL has used unfair surveillance monitor and discredit claimants and exaggerate activities to suggest they ae not as disabled as they claim.

575. The Courts have found that RSL used this surveillance showing biased and being unrepresentative of a claimant's actual capacity.

576. The Courts have found that RSL has engaged in delay tactics by repeating overly burdensome requests for documentation.

577. The Courts have found that RSL has purposefully delayed the claims process to create a financial stain designed to make claimants abandon their claims.

578. The Courts have found that RSL has failed to meet the timelines required under ERISA as stated herein (5TH CAUSE OF ACTION).

579. The Courts have found that RSL purposefully and fraudulently misapplied policy provisions, including limitations on and manipulation of the  mental impairment status as evidenced in paragraph 297.

580. The aforementioned wrongdoings as mere fraction of the innumerable acts of fraudulent, false and misleading conduct exercised with impunity by the Insurance Company(s) select by RPS to insure and or administrate Plaintiff's Plan.

Notwithstanding the extent of culpability, RPS is liable for Plaintiff damages.

581. RPS breached fiduciary duty; a civil action may be brought by Plaintiff to enjoin any act or practice which violates the terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions or the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3).

582. RPS abused discretion pursuant to 5 U.S.C. § 706(2)(A)(2)(B).

583. RPS researched the Insurance Company(s) and abused their discretion of RPS by selecting Insurance Company(s) the Courts found liable for engaged in fraudulent, false and misleading conduct. RPS obtained property by false pretense pursuant to  N.C. § 14-100.

584. RPS agreed to facilitate and or administrate the employee insurance benefit service of disability insurance coverage in Plaintiff's Plan in exchange for payment of the premium deducted from Plaintiffs paycheck.

585. RPS made false or misleading statements via not following the policy guidelines for Plaintiff Plan pursuant to N.C. § 58-2-161(b)(1).

**PAGE 56**

586. RPS agree to facilitate and or administrate the service of disability insurance coverage in exchange for payment and provided Plaintiff with Plan policy and guidelines while taking on the role as the "POLICYHOLDER: Rockford Public School District #205". RPS failed to follow the policy paid for by Plaintiff.

587. RPS embezzlement from Plaintiff's benefit Plan premiums biweekly payments for 19 years pursuant to 18 U.S.C. § 664.

588. RPS unlawfully and willfully abstracted or converted money from an employee welfare plan, or of any fund connected therewith entitling Plaintiff to sue and recover threefold the damages and reasonable attorney's fees.

10th CAUSE OF ACTION - DE NOVO REVIEW

589. Plaintiff hereby incorporates all facts and allegations stated herein.

590. Plaintiff's eligibility for the Plan shall be decided by the Court on de novo review.

591. Defendants terminated Plaintiff's Insurance Plan by communicating false and misleading statements, which violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

592. ERISA 29 U.S.C. § 1132(a)(1)(B) permits Plaintiff to bring a civil action to recover benefits due to Plaintiff under the terms of the Plan.

593. Plaintiff requests a de novo review to enforce Plaintiff's rights under the Insurance Plan pursuant 29 U.S.C. § 1132(a)(1)(B).

594. Plaintiff requests a de novo review to clarify Plaintiff's rights to future benefits under the Insurance Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

595. Plaintiff requests a de novo review to enjoin any act or practice which violates the terms of the plan pursuant to 29 U.S.C. § 1132(a)(3).

596. Plaintiff requests a de novo review to other appropriate equitable relief to redress such violations pursuant to 29 U.S.C. § 1132(a)(3).

597. Plaintiff requests a de novo review to enforce any provisions or the terms of the plan pursuant to 29 U.S.C. § 1132(a)(3).

598. The de novo review is applicable, as the Plan does not confer discretionary authority to Defendants to breach Plaintiff's Insurance Plan.

599. At all relevant times, Plaintiff has been entitled to benefits under the Plan.

600. Plaintiff requests a de novo review to remove Defendants as Plan administrators to redress such violations.

601. Plaintiff contends that Defendant(s) have no legal or medical basis for denying long-term disability benefits; that such benefits were wrongfully withheld or denied; that the denial of long-term disability benefits is a breach of the Plan; that the practices of Defendant(s) fail to satisfy the

PAGE 57

minimum requirements of ERISA and are fraudulent; and, that the practices of Defendant(s), are barred as a matter of state and federal law.

602. Defendant(s)conduct in failing to reinstate Plan has damaged Plaintiff at a minimum in an amount equal to the amount of benefits Plaintiff should have received had Defendant made the disability payments.

603. Defendants are liable for breach of fiduciary duty related to the interpretation of Plan documents and failing to make Plaintiff's Plan benefit payments.

604. Plaintiff is entitled to prejudgment and interest at the appropriate rate.

11th CAUSE OF ACTION (COMPENSATORY ECONOMIC DAMAGES)

605. Plaintiff hereby incorporates all facts and allegations stated herein.

606. Plaintiff was deprived of Plan benefit payments for 36 months x $1975 = $71,110. Plaintiff was deemed permanently disabled for life by physicians. Plaintiff request for Plan payment in full through age 93 (mean/average of father's life span 92 and grandfather's lifespan 94) Plaintiff's age 57 – 93 = 36 years or 432 monthly payments at $1975 = $853,200 x 3 (treble damages) is $2,568,200.

12th CAUSE OF ACTION (COMPENSATORY NON-ECONOMIC DAMAGES)

607. Plaintiff hereby incorporates all facts and allegations stated herein.

608. Defendant(s) knowingly committed unlawful conduct causing Plaintiff to suffer irreparable harm.

609. Defendant(s) fraudulent conduct caused Plaintiff to suffer severe physiological and behavioral damage including headaches, isolation and insomnia.

610. Plaintiff suffered from eye pain; addition surgical costs were unaffordable as a result of Defendant(s) fraudulent termination of Plan benefit payments.

611. Plaintiff was unable to receive proper dental care suffering aching loose teeth and eroding gums as a result of Defendant(s) fraudulent termination of Plan benefit payments.

612. Plaintiff was unable to afford costly medication as a result of Defendant(s) fraudulent termination of Plan benefit payments.

613. Defendant(s) unlawful actions caused Plaintiff to suffer the inability to attend sister's funeral.

614. Defendant(s) unlawful actions caused Plaintiff to suffer the inability to visit ill father in the hospital.

615. Defendant(s) unlawful actions caused Plaintiff to suffer the inability to visit grandchildren.

616. Defendant(s) unlawful actions caused Plaintiff to suffer loss of peace, love and happiness, care and companionship.

13th CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff hereby incorporates all facts and allegations stated herein.

617. Defendant(s) have a history of court documented patterns of fraudulent conduct.

PAGE 58

618. Defendant(s) fraudulent conduct continues as evidenced by cases in 2025.

619. Defendant(s) behavior to terminate Plaintiffs Insurance Plan was intentional, reckless, extreme, outrageous fraudulent, malicious, willful or wanton.

620.  Defendant(s) conduct caused Plaintiff severe physiological distress.

621. Defendant(s) unlawful actions caused Plaintiff to suffer serious mental anguish.

622. Defendant(s) unlawful actions caused Plaintiff to suffer embarrassment, depression, fear, anxiety and inconvenience and withdrawal from social events.

623. Defendant(s) unlawful conduct caused Plaintiff to suffer income, food, and shelter insecurity.

624. Defendant(s) unlawful conduct caused Plaintiff to suffer loss of enjoyment

625. Defendant(s) embezzled, stole or unlawfully and willfully abstracted or converted to their own use or to the use of another, money from Plaintiff's welfare benefit Plan entitling Plaintiff to sue and recover threefold the damages.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR JUDGEMENT AGAINST DEFENDANTS:

626. Plaintiff prays as a deterrent to Defendants willful and wanton criminal misconduct, the Court reports as a formal recommendation on the record or otherwise to the Department of Labor and or jurisdictional prosecutors to secure the ends of justice for Defendants salient, egregious illustration of unadulterated corporate wrongdoing and deliberate contempt for rule of law so that Defendants may be fined and prosecuted to the maximum extent of the law.

(ATTEMPTS AND CONSPIRACY, FRAUD BY WIRE18 U.S.C. §§ 1349, 1343)

627. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

628. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)      Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

629. Plaintiff prays for relief from the Medical Director: $100,000 -  $378,000.

a)      Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

630. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

2216     a)      RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived
2217 of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) =
2218 $743,400,000.

2219 631. Plaintiff prays for relief from RSL: $5,000,000 - $478,800,000.

2220     a)      RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived
2221 of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) =
2222 $478,800,000.

2223 632. Plaintiff prays for relief from Matrix: $5,000,000 - $478,800,000.

2224     a)      Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was
2225 deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost
2226 income) = $478,800,000.

2227 633. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

2228     a)      Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was
2229 deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost
2230 income) = $466,200,000,000.

2231 CLAIM FOR RELIEF - ABUSE OF DISCRETION 5 U.S.C. § 706(2)(A)(2)(B)

2232 634. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as
2233 the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of
2234 fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not
2235 duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that
2236 embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S.
2237 Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his
2238 income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants
2239 income for 3 years;

2240 635. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

2241     a)      Claims Supervisor - annual income (greater than) $70,000 x 3 years = $180,000 x 42%
2242 (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

2243 636. Plaintiff prays for relief from the Medical Director: $100,000 - $378,000.

2244     a)      Medical Director - annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of
2245 Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

2246 637. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

2247     a)      RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived
2248 of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) =
2249 $743,400,000.

2250 638. Plaintiff prays for relief from RSL: $5,000,000 - $478,800,000.

2251

a)     RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

639. Plaintiff prays for relief from Matrix: $5,000,000 - $478,800,000.

a)     Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

640. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

a)     Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

641. CLAIM FOR RELIEF  -  BREACH OF CLAIM PROCEDURE 29 U.S.C. 1133(2)

642. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

643. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)     Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) =$226,800.

644. Plaintiff prays for relief from the Medical Director: $100,000 - $378,000.

a)     Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

645. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

a)     RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

646. Plaintiff prays for relief from RSL: $5,000,000  -  $478,800,000.

a)     RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

647. Plaintiff prays for relief from Matrix: $5,000,000 -  $478,800,000.

2289    a)      Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was
2290    deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost
2291    income) = $478,800,000.

2292    648. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

2293    a)      Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was
2294    deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost
2295    income) = $466,200,000,000.

2296    CLAIM FOR RELIEF - BREACH OF FIDUCIARY DUTY AND INJUNCTIVE RELIEF 29 U.S.C. § 1132(a)(1)(B)

2297    649. Plaintiff prays the Court to grant this civil action to recover benefits under the terms of his plan
2298    and to enforce Plaintiff's rights under the terms of the plan, or to clarify rights to future benefits under
2299    the terms of the plan pursuant 29 U.S.C. § 1132(a)(1)(B).

2300    650. Plaintiff prays for the Court to enjoin Defendants from denying or discontinuing Plaintiff's benefits
2301    for so long as Plaintiff remains disabled under the terms of the Insurance Plan or by a licensed health
2302    care professional.

2303    651. Plaintiff prays for the Court to decide Insurance Plan benefit eligibility.

2304    652. Plaintiff prays the Court removes the Defendants as plan and/or claims administrator of Plaintiff's
2305    Plan benefits to redress Defendnats violations.

2306    653. Plaintiff prays for the Court to remove any authority Defendants have related to Plaintiff Insurance
2307    Plan as the Plan does not confer discretionary authority to Defendants to breach Plaintiff's Insurance
2308    Plan.

2309    654. Plaintiff prays for the Court to enjoin Defendants from denying or discontinuing Plaintiff's benefits
2310    for so long as Plaintiff remains disabled under the terms of the Insurance Plan or by a licensed health
2311    care professional.

2312    655. Plaintiff prays for the Court to clarify Plaintiff's rights to future benefits under the Insurance Plan.

2313    656. Plaintiff prays for the Court to grant Plaintiff the amount of benefits Plaintiff should have received
2314    had Defendant made the disability payments.

2315    657. Plaintiff prays for the Court to grant Plaintiff a prejudgment of Insurance Plan benefits and interest
2316    at the appropriate rate.

2317    658. Plaintiff prays for the Court to grant the recovery of Plan benefits and treble damages for activity
2318    relating to embezzlement from an (ERISA) benefit plan in the amount of $1,975 monthly x 36 months is
2319    $71,110 x 3 (treble damages) = $213,330 pursuant to 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B),
2320    N.C. § 58-2-161.

2321    Plaintiff prays for relief - $213,330

2322

2323

2324                                PAGE 62

CLAIM FOR RELIEF - BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(1)(B)(a)(3)

659. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

660. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)      Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

661. Plaintiff prays for relief from the Medical Director: $100,000 -  $378,000.

a)      Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

662. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

a)      RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

663. Plaintiff prays for relief from RSL: $5,000,000  -  $478,800,000.

a)      RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

664. Plaintiff prays for relief from Matrix: $5,000,000 -  $478,800,000.

a)      Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

665. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

a)      Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

CLAIM FOR RELIEF - BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(c)(1)

666. Plaintiff prays for the Court to impose a fine of $100 a day from the date of failure or refusal comply with a request for information which such administrator is required to furnish to a beneficiary within 30 days after such request.

Plaintiff prays for relief from the Claim Supervisor: $500.

a)      Claims Supervisor's response = 35 days - 30 days = 5 days x $100 = $500.

667. Plaintiff prays for relief from the Medical Director: $97,300.

a)      The Medical Director no response = 1,003 days - 30 days = 973 days x $100 = $97,300.

668. Plaintiff prays for relief from RSL: $178,366.

a)      Insurance Company(s) employee, Alicia Haskel 1st request no response = 980 days - 30 days = 950 days x $100 = $95,000; Company employee, Alicia Haskel 2nd request no response = 994 days - 30 days = 964 days x $100 = $96,400; Company Employee, Danielle 1st request no response = 960 days - 30 days = 930 days x $100 = $93,000; Company Employee, Danielle Klein 2nd request no response = 975 days - 30 days = 945 days x $100 = $94,500; Company Employee, Stacey Sirois 1st request no response = 835 days - 30 days = 805 days x $100 = $85,000; Company Employee, Stacey Sirois  2nd request no response = 742 days - 30 days = 712 days x $100 = $71,200; non Defendant Company employee total cost =$535,100 divided by 3 Insurance Company(s) = $178,366.

669. Plaintiff prays for relief from Matrix: $178,366.

a)      Insurance Company(s) employee, Alicia Haskel 1st request no response = 980 days - 30 days = 950 days x $100 = $95,000; Company employee, Alicia Haskel 2nd request no response = 994 days - 30 days = 964 days x $100 = $96,400; Company Employee, Danielle 1st request no response = 960 days - 30 days = 930 days x $100 = $93,000; Company Employee, Danielle Klein 2nd request no response = 975 days - 30 days = 945 days x $100 = $94,500; Company Employee, Stacey Sirois 1st request no response = 835 days - 30 days = 805 days x $100 = $85,000; Company Employee, Stacey Sirois  2nd request no response = 742 days - 30 days = 712 days x $100 = $71,200; non Defendant Company employee total cost =$535,100 divided by 3 Insurance Company(s) = $178,366.

670. Plaintiff prays for relief from Tokio: $178,366.

a)      Insurance Company(s) employee, Alicia Haskel 1st request no response = 980 days - 30 days = 950 days x $100 = $95,000; Company employee, Alicia Haskel 2nd request no response = 994 days - 30 days = 964 days x $100 = $96,400; Company Employee, Danielle 1st request no response = 960 days - 30 days = 930 days x $100 = $93,000; Company Employee, Danielle Klein 2nd request no response = 975 days - 30 days = 945 days x $100 = $94,500; Company Employee, Stacey Sirois 1st request no response = 835 days - 30 days = 805 days x $100 = $85,000; Company Employee, Stacey Sirois  2nd request no response = 742 days - 30 days = 712 days x $100 = $71,200; non Defendant Company employee total cost =$535,100 divided by 3 Insurance Company(s) = $178,366.

CLAIM FOR RELIEF - FALSE AND MISLEADING STATEMENTS N.C. § 58-2-161(b)(1)

671. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his

672. income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

673. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)      Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

674. Plaintiff prays for relief from the Medical Director: $100,000 -  $378,000.

a)      Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

675. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

a)      RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

676. Plaintiff prays for relief from RSL: $5,000,000 -  $478,800,000.

a)      RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

677. Plaintiff prays for relief from Matrix: $5,000,000 -  $478,800,000.

a)      Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

678. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

a)      Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

CLAIM FOR RELIEF - CONSPIRED TO MAKE FALSE STATEMENTS N.C. § 58-2-161(b)(2)

679. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionte relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

680. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)      Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

PAGE 65

681. Plaintiff prays for relief from the Medical Director: $100,000 - $378,000.

a)    Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

682. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

a)    RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

683. Plaintiff prays for relief from RSL: $5,000,000 -  $478,800,000.

a)    RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

684. Plaintiff prays for relief from Matrix: $5,000,000 -  $478,800,000.

a)    Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

685. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

a)    Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

CLAIM FOR RELIEF - FRAUDS AND SWINDLES 18 U.S.C. § 1341)

686. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

687. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)    Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

688. Plaintiff prays for relief from the Medical Director: $100,000 -  $378,000.

a)    Medical Director -  annual income (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

PAGE 66

689. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

a)     RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

690. Plaintiff prays for relief from RSL: $5,000,000  - $478,800,000.

a)     RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

691. Plaintiff prays for relief from Matrix: $5,000,000 -  $478,800,000.

a)     Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

692. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

a)     Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

CLAIM FOR RELIEF - OBTAINING PROPERTY BY FALSE PRESENSES N.C. § 14-100

693. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

694. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)     Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

695. Plaintiff prays for relief from the Medical Director: $100,000 -  $378,000.

a)     Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

696. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

a)     RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

697. Plaintiff prays for relief from RSL: $5,000,000  -  $478,800,000.

a)    RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

698. Plaintiff prays for relief from Matrix: $5,000,000 -  $478,800,000.

a)    Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

699. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

a)    Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

CLAIM FOR RELIEF - DEFAMATION N.C. § 1D-15, N.C.P.I Civil 806.40.

700. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for 42% of Defendants income for 3 years;

701. Plaintiff prays for relief from the Claim Supervisor -  $226,800.

a)    Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

702. Plaintiff prays for relief from the Medical Director -  $378,000.

a)    Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

703. Plaintiff prays for relief from RPS -  $478,800,000.

a)    RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

704. Plaintiff prays for relief from RSL -  $478,800,000.

a)    RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

PAGE 68

705. Plaintiff prays for relief from Matrix - $478,800,000.

a) Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

706. Plaintiff prays for relief from Tokio - $466,200,000,000.

a) Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

707. CLAIM FOR RELIEF - DE NOVO REVIEW

708. Plaintiff prays bring a civil action to enforce his rights under the Insurance Plan and to recover benefits due to Plaintiff under the terms of the Insurance Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

709. Plaintiff prays for the Court to grants Plaintiff relief to redress violations pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3) or grants a de novo review so Plaintiff may request appropriate equitable relief to redress the following:

710. To enforce any provisions or the terms of the Plan.

711. To enjoin any act or practice which violates the terms of the plan.

712. To enjoin Defendants from denying or discontinuing Plaintiff's benefits for so long as Plaintiff remains disabled under the terms of the Insurance Plan or by a licensed health care professional.

713. To decide Insurance Plan benefit eligibility.

714. To remove Defendants as Plan administrators to redress such violations.

715. To review to clarify Plaintiff's rights to future benefits.

716. To disallow Defendant(s) any authority related to Plaintiff's Insurance Plan.

717. To grant Plaintiff an amount equal to the amount of benefits Plaintiff should have received had Defendant made the disability payments.

718. Plaintiff prays for the Court to grant Plaintiff a prejudgment of Insurance Plan benefits and interest at the appropriate rate.

719. Plaintiff prays for the Court to grant the recovery of Plan benefits and treble damages for activity relating to embezzlement from an (ERISA) benefit plan in the amount of $1,975 monthly x 36 months = $71,110 x 3 (treble damages) = $213,330 pursuant to 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161.

720. Plaintiff prays or $213,330 from the Insurance Company(s).

721. Plaintiff Prays for $100,000 for each additional Defendant.

722. CLAIM FOR RELIEF - ECONOMIC COMPENSATORY DAMAGES

723. Plaintiff was deprived of Plan benefit payments for 36 months x $1975 = $71,110. Plaintiff was deemed permanently disabled for life by physicians. Plaintiff request for Plan payments in full through age 93 (mean/average of father's life span 92 and grandfather's lifespan 94) Plaintiff's age 57 - 93 = 36 years or 432 monthly payments at $1,975 = $853,200 x 3 (treble damages) = $2,568,200 divided by 6 = $428,033.

724. Plaintiff Prays for - $2,568,200.

a)     Plaintiff prays for the Court to grant from each defendant $428,033 for economic damages.

725. CLAIM FOR RELIEF  - NON-ECONOMIC DAMAGES

726. Plaintiff Prays for - $30,000,000.

a)     Plaintiff prays for $50,000 - $10,000,000 from each Defendant for  non-economic damages.

CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

727. Plaintiff prays the Court invokes restorative redress by granting equitable, proportionate relief as the Sixth Circuit holds individuals and entities personally liable for damages resulting from breach of fiduciary duty and that 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132132(a)(3) are distinct, not duplicative in that 29 U.S.C. § 1132(a)(3) allows for recovery beyond equitable redress and that embezzlement activity entitles Plaintiff to separate relief for each claim and treble damages 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-161; Defendants deprived Plaintiff of 42% of his income for 3 years, therefore Plaintiff correspondingly prays for redress up to 42% of Defendants income for 3 years;

728. Plaintiff prays for relief from the Claim Supervisor: $70,000 - $226,800.

a)     Claims Supervisor -  annual income (greater than) $70,000 x 3 years = $180,000 x 42% (percentage of Plaintiff's lost income) = 75,600 x 3 (treble damages) = $226,800.

729. Plaintiff prays for relief from the Medical Director: $100,000 -  $378,000.

a)     Medical Director -  annual (greater than) $100,000 x 3 years = $300,000 x 42% (percentage of Plaintiff's lost income) = $126,000 x 3 (treble damages) = $378,000.

730. Plaintiff prays for relief from RPS: $5,000,000 - $743,400,000.

a)     RPS - annual income (greater than) $590,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,770,000,000 x 42% (percentage of Plaintiff's lost income) = $743,400,000.

731. Plaintiff prays for relief from RSL: $5,000,000  -  $478,800,000.

a)     RSL annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

732. Plaintiff prays for relief from Matrix: $5,000,000 -  $478,800,000.

a)      Matrix annual income (greater than) $380,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,140,000,000 x 42% (percentage of Plaintiff's lost income) = $478,800,000.

733. Plaintiff prays for relief from Tokio: $5,000,000 - $466,200,000,000.

a)      Tokio annual income (greater than) $374,000,000,000 x 3 years (length of time Plaintiff was deprived of Insurance Plan benefit income) = $1,110,000,000,000 x 42% (percentage of Plaintiff's lost income) = $466,200,000,000.

CLAIM FOR RELIEF - TREBLE DAMAGES

734. Plaintiff prays for the Court to invoke the guiding principle of restorative justice by granting threefold damages for each separate court for each Defendant as embezzlement activity entitles Plaintiff to treble damages and separate relief for each claim 18 U.S. Code § 1962(A),18 U.S. Code § 664(1)(B), N.C. § 58-2-16.

735. Plaintiff Prays for a trial by jury.

736. Plaintiff Prays for Defendants to pay Court cost.

737. Plaintiff Prays for such other and further relief that the Court deems appropriate.

738. Come now Plaintiff, Pro Se and demands a trial by jury.

739. September 30, 2025

740. Respectfully submitted,

741. Arthur Jackson

742. 707 Seigle Ave. Apt. 435

743. Charlotte, NC 28204

744. Leadingineducation@yahoo.com